## NOUGUÉ *v.* CLAPP.

The Circuit Court of the United States cannot revise or set aside the final decree rendered by a State court which had complete jurisdiction of the parties and subject-matter.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

·The facts are stated in the opinion of the court.

*Mr. Bentinck Egan* for the appellant.
*Mr. Philip Phillips,* contra.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a bill in chancery, which was dismissed by the decree of the court below for want of jurisdiction.

The bill, though very informal, sets out certain proceedings in the State court of Louisiana for the parish of St. John the Baptist, under which real property on which the complainant held a mortgage for a large amount had been sold, which, if permitted to stand, cut off the lien of his mortgage. These proceedings were based ostensibly on notes and mortgages given by himself to one Emory Clapp for the purchase-money of the property. The bill alleges, however, that Schexueyder Brothers, to whom plaintiff had sold the property, had assumed the payment of those notes as part of the consideration of the sale to them, and had given him a mortgage for over $14,000 in addition; that after said Schexueyder Brothers had in fact paid off said mortgage to Clapp, they entered into a fraudulent conspiracy with him to have the property sold under that mortgage for the purpose of cheating the complainant out of the $14,000 due him by defeating his lien on the land; that a suit was commenced in a parish of which the complainant was not a resident, of which he had no sufficient notice, though he was by the petition made a party; that in this proceeding a summary order of sale was had; that before the sale the plaintiff applied to the judge and obtained an order for injunction, which the clerk refused to issue, and the property was sold to said Clapp for the sum of $10,000. He charges that the refusal of

the clerk to issue the writ of injunction was a part of the fraudulent conspiracy to cheat him out of his lien on the land, and that the whole proceeding is void. He also alleges that his loss or damage by this proceeding is $20,000, for which he prays a judgment or decree.

To this bill Clapp filed ⌐at is called an exception to the jurisdiction, a demurrer, and a plea. Both the exception and the demurrer are founded on the proposition that the bill being the equivalent of a proceeding in the State courts to procure a declaration of nullity of a judgment, can only be filed in the court which rendered the judgment. The plea sets up a proceeding in the State court on a monition whereby, under the laws of Louisiana, after a judicial sale, certain proceedings in the nature of notice to all the world are had, and a judgment of confirmation of the sale is rendered.

The final decree of the court is thus set out in the record: —

"This cause came on to be heard on the plea in bar, exception, and demurrer to complainant's bill, and was argued by counsel.

"On consideration whereof it is ordered, adjudged, and decreed that the exception to jurisdiction of the court and demurrer be sustained, and complainant's bill dismissed with costs.

"Decree rendered March 20, 1877.

"Decree signed March 24, 1877."

It will thus be seen that the plea was not considered in the case, or if considered, the decree was not founded on it. Indeed, this could not be so without error. The proper mode of treating a plea is to set it down for hearing as to its sufficiency to meet the bill, or so much of the bill as it purports to cover. If found to be sufficient, the complainant has a right to reply to it by denying its allegations, or otherwise putting it in issue. See Equity Rules, 32, 33, and 34, prescribed by this court. So also by these rules the charge of a fraudulent combination to cheat the complainant required that the plea should have been accompanied by an answer denying the fraud under oath. The plea may, therefore, be considered as out of the case.

The demurrer may be held to include the exception as one of its grounds, and thus the case stands on bill and demurrer, and the sole question is whether, though there may be things

in the bill which, if specially demurred to, would be bad; it is a bill in which a court of equity could found relief.

As regards the claim to recover $20,000 damages we see no reason for going into equity. If such a recovery can be had at all it can be had as well at law. It is a proper case for a jury to determine whether there has been a combination to cheat and defraud plaintiff, and the amount he should recover for such fraud. It would seem, also, that to such a suit the Schexueyder Brothers, for whose benefit the fraud was committed, and who were its principal instigators, and whose actions were essential to its success, should be made parties. The charge is that they had assumed to pay the mortgage to Clapp, and had paid it, and then conspired with him to have the property, which was in their possession, and to which they had title, sold to defraud complainant out of his $14,000. However it may be at law, in chancery they are necessary parties to such a suit.

But the main purpose of this bill, perhaps its only real object, is to have the proceedings in the State court declared void.

That court had jurisdiction of the parties and of the subject-matter of the controversy. Complainant in this bill entered his appearance in that suit at a proper stage of it, to enable him to contest the right of Clapp to have the property sold. The debt for which it was to be sold was complainant's debt to Clapp.

The usual mode in the courts of Louisiana of contesting the right to foreclose a mortgage is by obtaining an injunction, after which the rights of the parties are judicially determined by the court. Complainant appeared and obtained an order for such an injunction.

If this order was not obeyed it was for that court, not this, to give remedy. If the court below refused to do it, there was an appeal to the Supreme Court of the State. After the sale he could, by a motion to the court, have had it set aside; and that was the proper place for such a remedy.

The laws of Louisiana also provide a remedy by a special proceeding, to have a declaration of nullity of judgment in such cases as this in the court where the decree is entered.

There is no allegation that the plaintiff sought any of these remedies.

We think that for this court, after all this has been done, to undertake to decree that what that court did is void, to sit in review on its judgment, and reverse its decree and set aside its sale, in a case where its jurisdiction is undoubted, is unwarranted by the relations which subsist between the two courts. It would be an invasion of the powers belonging to that court, and such a doctrine would, upon the simple allegation of fraud practised in the court, enable a party to retry in a Federal court any case decided against him in a State court.

We are not without precedent in such a case. In *Randall* v. *Howard* (2 Black, 585), the owner of lands encumbered by a mortgage made a friendly arrangement with the mortgagee, by which the latter was to foreclose the mortgage and buy them in, ostensibly for his own use, but with the understanding that he was to hold them for the use of the mortgagor as if no sale had been made. Regular proceedings were had in the State courts of Maryland, by which a decree of foreclosure and a sale were had, to all which the mortgagor made no defence. He afterwards filed his bill in chancery in the Circuit Court of the United States for the District of Maryland, charging that by reason of this agreement the mortgagee bought in the property for much less than its real value; that he now refuses to acknowledge any interest of complainant in the property, and is trying to sell it, whereby it may come into the hands of innocent purchasers for value; that all this is in violation of his agreement and a fraud upon complainant's rights, and in furtherance of this fraudulent and oppressive course he has ejected complainant from the premises by a process of the State court. He prays for an injunction to restrain the defendant from selling the property, for a sale of so much of the land as is necessary to pay the mortgage debt, and for a conveyance to complainant of the remainder, and for general relief. The bill was dismissed on demurrer.

The question whether that court had jurisdiction is answered in this language: "The bill in this case brings in review various matters passed on in the progress of the suit by the Cecil County Circuit Court, a court of general jurisdiction,

having complete control of the parties and of the subject-matter of the controversy.

"It seeks to annul a sale of lands made by virtue of a decree of the Cecil court, sitting as a court of equity, in a cause depending between the same parties; to effect the distribution of the proceeds of the sale, to enjoin the defendant from making any disposition of the lands purchased by him; to disturb his possession, to invalidate his title, and to have the property resold.

".This is a direct and positive interference with the rightful authority of the State court. If there was error in the proceedings of the court a review can be had in the appellate tribunals of the State. If, as is charged, the decree is sought to be perverted, and made the medium of consummating a wrong, then the court on petition or supplemental bill can prevent it."

These views, we think, dispose of the present case, and require an affirmance of the decree of the court below.    It is

*So ordered.*