[No. 15264. Department Two.—June 2, 1894.]

HORACE A. ELDRED, APPELLANT, v. GEORGE E. WHITE ET AL., RESPONDENTS.

ACTION TO VACATE JUDGMENT—UNAUTHORIZED APPEARANCE—UNEXPLAINED LACHES—INSUFFICIENT SHOWING.—An action to set aside a judgment of foreclosure on the ground that the plaintiff, who executed the mortgage, and who was the defendant in the foreclosure suit, had never been served with summons, and that his appearance therein by attorney was unauthorized, cannot be maintained where it appears that the action was not commenced until more than a year after the date of the judgment, and no reason is shown why it was not commenced sooner, or why proceedings were not commenced under section 473 of the Code of Civil Procedure to obtain leave "to answer to the merits of the original action," or why other remedies at law were not exhausted before

the aid of a court of equity was invoked, and there is no averment or finding that he did not know of the former judgment at the time of its rendition, nor that he has a good defense to the action, nor that the judgment is not regular and valid on its face.

ID.—RELIEF IN EQUITY—PREVENTION OF INJUSTICE—PLEA OF STATUTE OF LIMITATIONS NOT FAVORED.—A judgment at law will not be set aside or interfered with by a court of equity except for the prevention of fraud, or to relieve from substantial injury or gross injustice. A court of equity looks well to the consequences of its acts, and it will not readily nullify a judgment at law if the effect is to put it in the power of the judgment debtor to plead the statute of limitations to a debt which he does not deny to be justly due.

ID.—DEFENSE UPON MERITS.—In order to obtain equitable relief against a judgment alleged to have been fraudulently obtained, it must be averred and shown that there is a valid defense on the merits.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion of the court.

*J. A. Cooper*, and *J. H. Seawell*, for Appellant.

The judgment complained of having been obtained without jurisdiction of the person of this plaintiff was void, and the court below should have ordered judgment for him upon the facts found. (Code Civ. Proc., secs. 1916, 1917; *Hill* v. *City Cab etc. Co.*, 79 Cal. 188; *Merced County* v. *Hicks*, 67 Cal. 109; *California Beet Sugar Co.* v. *Porter*, 68 Cal. 372; *Baker* v. *O'Riordan*, 65 Cal. 371; *Martin* v. *Parsons*, 49 Cal. 100; *Horner* v. *State Bank of Indiana*, 1 Ind. 130; 48 Am. Dec. 356; *Flint River Steamboat Co.* v. *Foster*, 5 Ga. 194; 48 Am. Dec. 248.) The rule that the plaintiff should have alleged and proven that he had a defense on the merits to the judgment sought to be set aside does not apply to a judgment absolutely void for want of service of summons. (Code Civ. Proc., sec. 1916; *Hill* v. *City Cab etc. Co.*, 79 Cal. 189.) The complaint shows that the plaintiff had a good defense to the action on the merits, as it shows a complete defense in the statute of limitations, of which the plaintiff could not be deprived without his consent. (*McCarthy* v. *White*, 21 Cal. 503; 82 Am. Dec. 754; *Tynan* v. *Walker*, 35 Cal. 634; 95 Am. Dec. 152;

*Sossong* v. *Rosar,* 112 Pa. St. 197; *Ellinger's Appeal,* 114 Pa. St. 505; Freeman on Judgments, sec. 495.) If the question of merits was material and had to be proven, then the judgment is erroneous, because the court below entirely fails to find upon the allegation of merits contained in the complaint. (*Soto* v. *Irvine,* 60 Cal. 346; *Dowd* v. *Clarke,* 51 Cal. 262.) Where a judgment is obtained by fraud, and where, by reason of the fraud, the court that rendered the judgment had not acquired jurisdiction of the person of the defendant, a court of equity will set aside such judgment without any question as to merits. (*Lapham* v. *Campbell,* 61 Cal. 299; *Hill* v. *City Cab etc. Co.,* 79 Cal. 190.) An action in equity was the proper proceeding to set aside the judgment, and not a motion. (Freeman on Judgments, secs. 490, 491, 495; *Lapham* v. *Campbell,* 61 Cal. 298; *Bibend* v. *Kreutz,* 20 Cal. 114; *Wharton* v. *Harlan,* 68 Cal. 424; *People* v. *Greene,* 74 Cal. 405; 5 Am. St. Rep. 448; *People* v. *Harrison,* 84 Cal. 608; *Simonson* v. *Blake,* 20 How. Pr. 484.)

*Henley & MacSherry, Henley & Swift,* and *T. L. Carothers,* for Respondents.

The complaint is insufficient, as it does not state the facts showing a meritorious defense. (*Gregory* v. *Ford,* 14 Cal. 139; 73 Am. Dec. 639; *Gibbons* v. *Scott,* 15 Cal. 284; *People* v. *Rains,* 23 Cal. 128.) A meritorious defense must be shown, even if the judgment was obtained by fraud. (*White* v. *Crow,* 110 U. S. 191; *Hair* v. *Lowe,* 19 Ala. 224; *Pearce* v. *Olney,* 20 Conn. 544; *Ableman* v. *Roth,* 12 Wis. 90; *State* v. *Hill,* 50 Ark. 458; Freeman on Judgments, sec. 498; 3 Pomeroy's Equity Jurisprudence, 1364.) Where there is no fraud, and no merits, the appearance of an unauthorized attorney, and his consent to a judgment, is no ground for setting it aside. (*Holmes* v. *Rogers,* 13 Cal. 191.) The plaintiff is guilty of laches, and for that reason is not entitled to recover. (*Mastick* v. *Thorp,* 29 Cal. 447; 2 White and Tudor's Leading Cases in Equity, 1372; *Emerson* v.

*Udall*, 13 Vt. 477; 37 Am. Dec. 604; *Ede* v. *Hazen*, 61 Cal. 360.)   The proper remedy of the plaintiff is by a motion to set aside the judgment.   (Code Civ. Proc., sec. 473; *Merced Co.* v. *Hicks*, 67 Cal. 109; *Lapham* v. *Campbell*, 61 Cal. 296; *Colmstock* v. *Clemens*, 19 Cal. 80; *Mastick* v. *Thorp*, 29 Cal. 447.)

McFARLAND, J.—This is an appeal by plaintiff, upon the judgment-roll, from a judgment in favor of defendants.

The action was brought on the equity side of the court, to set aside and annul a judgment and decree of foreclosure rendered against plaintiff in the superior court on April 23, 1890, upon three certain promissory notes, and a mortgage made and executed by plaintiff to one Jacob Updegraff, and assigned by him to White, defendant herein.   The main ground upon which appellant rests his claim for relief is, that in the foreclosure suit an attorney at law appeared for appellant (defendant therein) without authority, and filed a demurrer for him; that afterwards, by stipulation of attorneys therein, alleged to have been forged, the demurrer was withdrawn and judgment entered against appellant; and that no summons in said suit was ever issued or served on appellant.   There are also some averments about certain unauthorized changes made in the complaint in the foreclosure suit, which we do not deem material.

This present action was not commenced until thirteen months after the date of the judgment in the foreclosure suit; and no reason is shown why it was not commenced sooner, or why appellant did not proceed, under section 473 of the Code of Civil Procedure, to obtain leave " to answer to the merits of the original action," or why he has not exhausted other remedies at law before invoking the aid of a court of equity.   There is no averment or finding that he did not know of the former judgment at the time of its rendition.   Although there is a general averment in the complaint that appellant stated the facts of the cause in which the former judgment was

rendered to certain attorneys, and was advised by them that he has a good defense, there is no averment that he *has* such defense, nor of any facts constituting such defense.   There is no averment or finding of the insolvency of the attorney who appeared for appellant in said cause, who was himself a defendant in said cause, and is not charged with having willfully or fraudulently appeared for appellant.   It is not averred or found that appellant did not make and execute the notes and mortgage, or that the judgment was taken for too much, or that it was unjust; and the court found that appellant has not thereby "sustained any damage."   It is not claimed that appellant was not generally within the territorial jurisdiction of the court rendering the former judgment; or that said judgment is not regular and valid on its face.

We think that under these circumstances the judgment should be affirmed.   "Courts of chancery do not lightly interfere with judgments at law.   It is only for the prevention of fraud, or to relieve from substantial injury, or gross injustice, that its high and extraordinary power of interference by injunction is ever resorted to.   It is never exerted merely for the correction of informalities or irregularities in legal or judicial proceedings. He who seeks to avail himself of such defects must prosecute his remedies at law; from a court of equity he can receive no countenance.   A court of chancery, too, looks well to the consequences of its acts, and the case must indeed be a strong one which would induce it to nullify a judgment at law, and thus, as here, put it in the power of a debtor to plead the statute of limitations to a debt which he does not deny to be justly due."   (*Gregory* v. *Ford*, 14 Cal. 143; 73 Am. Dec. 639.) "In order to obtain equitable relief against a judgment alleged to have been fraudulently obtained, it must be averred and shown that there is a valid defense on the merits."   (*White* v. *Crow*, 110 U. S. 183.)

The only pretense that appellant has a meritorious defense to the former action is found in an assertion in

his brief that one of the notes is apparently barred by the statute of limitations. But the bar of the statute is not set up in the complaint, and defendant had no opportunity to deny it or to plead facts showing that it did not exist; and there is no evidence brought here by appellant upon the record on which he chooses to rely. He complains that the court did not make any finding as to the said matter of limitation; but there was no such issue. If the court had made a finding about the only averment which appellant made as to merits, to wit, that appellant had stated the facts to an attorney, who advised him that he had a defense, and had found such allegation to be true, such finding would have been of no consequence. Moreover, the case is one in which appellant should have asked for relief by motion in the original case; and if he had been prevented from asking relief there within the statutory time, by want of knowledge of the rendition of judgment, he should have averred that fact in his complaint. It would be unjust and inequitable to now annul the judgment after such a lapse of time, and allow the appellant to avoid the payment of his just debts by pleading the statute of limitations in a subsequent action.

The judgment is affirmed.

DE HAVEN, J., concurred.

BEATTY, C. J.—I concur in the judgment upon the ground that the complaint does not show any excuse for the failure to proceed by motion in the original action.