[S. F. No. 421.   Department One.—February 26, 1897.]

|116  127<br>|120  588

EMANUEL M. HELLER ET AL., RESPONDENTS, v. DYERVILLE MANUFACTURING COMPANY (A CORPORATION), APPELLANT.

INJUNCTION AGAINST ENFORCEMENT OF JUDGMENT—FRAUD IN PROCURE-MENT—STIPULATION—MODIFICATION—INSUFFICIENT COMPLAINT—CON-STRUCTION AGAINST PLEADER.—A complaint in an action brought more than six months after the entry of judgment in a former action, to enjoin its enforcement, as having been procured by fraud in violation of a stipulation for judgment pursuant to the prayer of the complaint in the former action, and to secure the modification of such judgment so as to conform to the stipulation, is to be construed most strongly against the pleader, and does not state a sufficient case of fraud in the procure-ment of the judgment, where it merely alleges in general terms that the attorney for the plaintiff in the former action "for the purpose of cheating and defrauding" the defendants therein, who are plaintiffs in the new action, presented to the judge a decree prepared by said attor-ney, which he represented to be in accordance with the stipulation, whereby the plaintiff in the former action obtained relief not warranted by the complaint nor by the stipulation, and that the judge relied upon such representation and signed the decree, but does not allege specific facts to point the general assertions of fraud, nor that the representation of the attorney to the judge was made with intent to deceive, nor that the attorney then did not know or believe it to be true, and shows that the decree recited the substantial part of the stipulation on file, and that the judge had the same means of knowing the truth of the representa-tion as the attorney, and does not negative the presumption that the judge read over and examined the stipulation before signing the decree, nor show that knowledge of the decree was intentionally concealed from the defendants in the former action, whose duty it was to keep track of the case; nor that such knowledge was prevented by any act of the plain-tiff in that action, but states facts showing complainants' actual knowl-edge of the decree within six months from its date.

ID. —REPRESENTATION OF ATTORNEY TO JUDGE—PRESUMPTION AGAINST DECEIT.—In the absence of an averment to the contrary, it will be pre-

sumed that a representation made by an attorney to a judge in the procurement of a decree was without deceit, and with a belief in its truth; and fraud cannot be predicated of a statement or representation made without knowledge of its falsity, or an intent to deceive thereby, however implicitly it may have been acted upon.

ID. — GENERAL AVERMENTS OF FRAUDULENT PURPOSE — CONCLUSIONS OF PLEADER.—General averments of a fraudulent purpose in the procurement of a decree, standing alone, and unaccompanied by facts which in themselves disclose fraud, are insufficient to give the transaction even a colorable aspect of fraud; but such general averments are to be regarded as merely the conclusions of the pleader, embracing no issuable character, and are not admitted by demurrer.

ID.—KNOWLEDGE OF DECREE—CONSTRUCTION OF PLEADING.—A complaint in equity to enjoin the enforcement of a judgment, which avers that the plaintiff had no notice of the judgment until subsequent to the date of its entry, upon a proper construction of the pleading shows such knowledge as early as the following day; and where it states that about three months after the entry of the decree the complainants were served with an order to show cause why they should not be held guilty of violating the decree, it sufficiently shows actual knowledge of the decree within the six months allowed for a motion to modify or vacate the decree.

ID. — RELIEF IN EQUITY — ADEQUATE REMEDY BY MOTION — NEGLECT OF REMEDY—MISAPPREHENSION OF RIGHTS.—Where such complaint shows on its face that the plaintiffs had a plain, speedy, and adequate remedy by motion to modify or vacate the judgment within six months, under section 473 of the Code of Civil Procedure, a resort to a court of equity will not be permitted; and the fact that under a misapprehension of their rights they failed to take advantage of the remedy until too late affords no ground for equitable relief.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion to vacate an injunction, and from an order denying a new trial.    J. V. COFFEY, Judge.

The complaint in the action of *Dyerville Manufacturing Company* v. *M. Heller & Sons* alleged an infringement by the defendant of the plaintiff's trademark as a manufacturer of bleached cotton cloth, consisting of the words "Rockland Mills Water Twist," with the form of label containing them, a copy of which was attached to and made part of the complaint, and prayed for "an injunction commanding said defendants, their agents, attorneys, and employees not to use in any manner the said or any other imitation of said trademark, perpetually enjoining the said and each of them from using personally, or by any agent, employee, or other person,

said or any other imitation of said trademark," and also prayed for "such other relief as may to this court seem meet," which the complaint did not set forth. The decree recited the stipulation and ordered judgment for costs, and perpetually enjoined the defendants "from in any manner using any imitation of the trademark described in said complaint, and enjoined from selling or offering for sale any bleached cotton cloth or other similar goods under the name of Rockland Mills, or Rocklin Mills, or with any label or card or other device attached thereto, similar to this attached hereto [inserting defendants' label containing the words "Rocklin Mills Water Twist," with form of letters, coloring, and border similar in general features to plaintiffs' label]; or containing said words 'Rockland Mills' or the words 'Rocklin Mills,' or any other variation of words calculated to induce purchasers or intending purchasers to believe that such goods are there sold as Rockland Mills." Further facts are stated in the opinion of the court.

*Edmund Tauszky*, for Appellant.

The plaintiffs have lost any remedy they might have had through their laches. They were chargeable with knowledge of the filing of the decree even if they did not have actual knowledge. (*Eltzroth* v. *Ryan*, 91 Cal. 587; *Dusy* v. *Prudom*, 95 Cal. 648; *Champion* v. *Woods,* 79 Cal. 20, 21; 12 Am. St. Rep. 126; *Moore* v. *Boyd*, 74 Cal. 167–71; Civ. Code, sec. 19; *Foster* v. *Mansfield etc. R. R. Co.*, 146 U. S. 88; *Johnston* v. *Standard Min. Co.*, 148 U. S. 360–70; *Quinn* v. *Wetherbee*, 41 Cal. 247; *Townsend* v. *Van Dererker*, 160 U. S. 172; *Galliher* v. *Cadwell*, 145 U. S. 368; *Hammond* v. *Hopkins*, 143 U. S. 224; *Kingsbury* v. *Buckner*, 134 U. S. 650.) The allegations as to fraud were insufficient. It is not sufficient to allege it in general terms, but the facts constituting the fraud must be stated. (*Gray* v. *Galpin*, 98 Cal. 635; *Albertoli v. Branham*, 80 Cal. 633; 13 Am. St. Rep. 200; *Hardt* v. *Heidweyer*, 152 U. S. 558; *Robertson* v. *Burrell*, 110 Cal. 568.)

*Rothchild & Ach*, for Respondents.

The plaintiffs are entitled to relief in this action under the allegations of their complaint, even though the statutory time for a direct remedy has gone by. (Kerr on Fraud and Mistake, 352, 355; Black on Judgments, secs. 370, 387; Freeman on Judgments, secs. 492, 493; *Baker* v. *O'Riordan*, 65 Cal. 370; *Wierich* v. *De Zoya*, 2 Gilm. 388; *Kent* v. *Richards*, 3 Md. Ch. 396; *Lazarus* v. *McGuirk*, 42 La. Ann. 194; *Ex-Mission Land etc. Co.* v. *Flash*, 97 Cal. 632; *California Beet Sugar Co.* v. *Porter*, 68 Cal. 369; *Cox* v. *Montgomery*, 43 Ill. 110; *Babcock* v. *McCamant*, 53 Ill. 214–17; *Pacific R. R. Co.* v. *Atlantic etc. R. R. Co.*, 20 Fed. Rep. 280; *Carpenter* v. *Hart*, 5 Cal. 407; *Binsse* v. *Barker*, 13 N. J. L. 263; 23 Am. Dec. 720; *Cadwallader* v. *McClay*, 37 Neb. 359; 40 Am. St. Rep. 496; *Gulf etc. R. R. Co.* v. *King*, 80 Tex. 681; *Bibend* v. *Kreutz*, 20 Cal. 110–14; *Thompson* v. *Laughlin*, 91 Cal. 313–17; *Wheaton* v. *Harlan*, 68 Cal. 423; *Merriman* v. *Walton*, 105 Cal. 403–08; 45 Am. St. Rep. 50; *Lapham* v. *Campbell*, 61 Cal. 296; *Krippendorf* v. *Hyde*, 110 U. S. 276; *Nelson* v. *First Nat. Bank*, 70 Fed. Rep. 526.) The power invoked here to correct a judgment is one inherent in the court, irrespective of any statutory provisions. (2 Pomeroy's Equity Jurisprudence, sec. 836; 1 Black on Judgments, sec. 321.)

VAN FLEET, J.—This is a suit in equity brought in the superior court of the city and county of San Francisco to secure the modification of a judgment theretofore entered in that court, upon the ground that it was procured by fraud.

The complaint alleges that in March, 1891, the present defendant, the Dyerville Manufacturing Company, brought an action in said superior court against M. Heller & Sons, the plaintiffs here, to enjoin the latter from pirating or infringing a certain trademark or label of said Dyerville Manufacturing Company, and for damages for an infringement already perpetrated. That, thereafter, on August 3, 1891, the parties in that

action entered into a stipulation in writing that judg-ment should be entered therein enjoining the defend-ants " as prayed for in the complaint," and for costs, but without damages.   That afterward, on August 7, 1891, the attorney for the plaintiff in that action, " for the purpose of cheating and defrauding these plaintiffs," presented to the judge before whom said action was pending a decree  prepared by said attorney, which the latter represented to the judge "was in accordance with the stipulation"; that the judge relied upon such repre-sentation and signed said decree, and that the decree was thereupon, on said seventh day of August, filed, but was not entered until April 26, 1892.

It is alleged that Heller & Sons, the defendants in that action, had no knowledge of the filing of said de-cree " until subsequent to the 26th of April, 1892"; that the same was prepared without their knowledge or that of their attorneys, and no copy thereof was submitted to them; that no steps were taken under said decree by the plaintiffs in that action, the defendants here, until more than six months after the same had been signed and filed; and that it was prepared and filed by the plaintiff in said cause and its attorney " for the purpose of defrauding these plaintiffs, and that therein and thereby the defendant herein did obtain relief it was not entitled to, either by the terms of its complaint or by the terms of said stipulation."   The said decree is set out in *haec verba*, and the complaint in that action is attached as an exhibit, and made a part of the com-plaint in this.

The complaint further alleges, what we regard as largely if not wholly immaterial here, in substance, that since August 3, 1891, said Heller & Sons have not in-fringed said trademark or label, but that, notwithstand-ing, they were, on July 29, 1892, cited to show cause why they should not be punished for violating the said decree, and that thereafter, on December 5, 1892, they were adjudged guilty of a violation thereof.   That on De-cember 10, 1892, they applied to the superior court in

said action to modify the said decree, "so that the same should comply with the stipulation" upon which it was entered, and that on January 6, 1893, the court made an order so modifying the decree. That from this order the plaintiff in that action took an appeal to this court, where the order was reversed on the sole ground that the application was not made within six months from the entry of the decree.

It is finally alleged that plaintiffs have no plain, speedy, or adequate remedy at law, and that, unless defendant is restrained from enforcing said decree, plaintiffs will suffer irreparable damage, etc.

Upon the filing of the complaint, a preliminary injunction was issued, restraining defendants from enforcing said decree in the particular wherein it is sought to be modified. Defendant demurred to the complaint as not stating facts entitling plaintiffs to any relief, and subsequently moved to vacate the injunction upon the same ground. The demurrer was overruled, and the motion to vacate the injunction denied. Thereafter defendant answered, and upon the trial the court found the facts substantially as alleged in the complaint, upon which findings judgment was entered modifying said decree as prayed. Defendant appeals from the order refusing to vacate the injunction, and from the judgment and an order denying it a new trial.

The appeal from the judgment is the only one which we are called upon to consider, since we are satisfied that the complaint states no cause of action, or, in other words, no case for equitable intervention.

In the first place, assuming for present purposes that the relief awarded by the decree sought to be modified transgressed that to which the plaintiff in that action was entitled under the stipulation of the parties, the averments of the complaint, taking as true all the issuable facts, fail to make out a case of fraud in its procurement. It is true, it is alleged, in general terms, that in procuring the decree certain things were done "for the purpose of cheating and defrauding these

plaintiffs," and "that said decree was prepared and filed by the plaintiff in said cause and its said attorney for the purpose of defrauding these plaintiffs"; but the specific facts alleged to point and support these general assertions of fraud will not bear the construction thus sought to be put upon them.    It is alleged that the representation was made to the judge that the decree was drawn " in accordance with the stipulation"; but it is not alleged that such representation was made with intent to deceive, or that, when made, the attorney did not honestly believe it to be true.    Since the pleading is to be construed most strongly against the pleader, it will be presumed, in the absence of an averment to the contrary, that the representation was without deceit, and with a belief in its truth.    It is not even alleged in express terms, or otherwise than by implication or mere recital, that the representation was in fact false; and there is no pretense of any direct averment that the attorney knew or believed it to be so.    It is averred that the judge in signing the decree relied on the representations of the attorney.    But fraud cannot be predicated of a statement or representation made without knowledge of its falsity, or an intent to deceive thereby, however implicitly it may have been acted upon.    In this case it appears from the decree that the precise words of the substantive part of the stipulation relied upon were recited therein, and also the fact that the stipulation itself was on file.    There was thus presented to the judge the same means of knowing the truth of the representation made as that possessed by the party making it, and it must be presumed, the contrary not being averred, that the decree was read over and examined by the judge before attaching his signature thereto.

The averment that the decree was signed on August 7, 1891, but not filed until April 26, 1892, is not pointed by any averment that this delay was intentional, or for the purpose or with the intent of concealing from plaintiffs any fact upon which their rights depended, or to thereby deprive them of any such right, or for any sim-

ilar purpose, and that fact is therefore without signifi-
cance as tending to show fraud.

It is alleged that the decree was prepared and filed
without the knowledge of plaintiffs, and was never sub-
mitted to them; that they had no knowledge of the same
until after April 26, 1892, and that no step was taken by
defendant to enforce it until more than six months after
it had been filed.   But it is not alleged that knowledge
of the filing of the decree was intentionally withheld
from them, nor that there was any reason in fact, as
there was none in law, why defendant was required to
serve them with a copy of the decree, or to notify them
of the filing.   There was nothing in the stipulation,
which is also set out in the complaint, requiring it.   It
is not alleged that defendant by any act prevented the
knowledge of said filing from being acquired by plain-
tiffs.   The decree was placed upon the public records to
which they had access, and it was as much the duty of
plaintiffs as of defendants to keep track of the case, and
to see that a proper decree was entered.   They could not
be permitted to indulge the presumption that the taking
of their stipulation for a decree was a mere idle cere-
mony, and that nothing further would be done by de-
fendant in the action.   The significance of the fact that
defendant delayed action under the decree, as tending
to show fraud, is not disclosed, nor is it apparent.   In
the absence of averment to the contrary, it will be pre-
sumed that no earlier occasion arose for invoking its
protection.

There is therefore nothing in the facts alleged to sus-
tain the general averments of a fraudulent purpose in
the manner of procuring the decree; and such general
averments, standing alone and unaccompanied by facts
which in themselves disclose fraud, are insufficient to
give the transaction even a colorable aspect of that
nature.   Such general averments are to be regarded as
merely the conclusions of the pleader, embracing no
issuable character, and not the averment of substantive
facts, which are admitted by the demurrer.   (*Harris* v.

*Taylor*, 15 Cal. 349; *Oroville etc. R. R. Co* v. *Plumas Co.*, 37 Cal. 363; *Sacramento Sav. Bank* v. *Hynes*, 50 Cal. 202; *Pehrson* v. *Hewitt*, 79 Cal. 598.) As said by the supreme court of the United States in passing upon the sufficiency of a bill of similar construction: "It is full of the words "fraudulent and corrupt," and general charges of conspiracy and violation of trust obligations. Mere words in and of themselves, and even as qualifying adjectives of more specific charges, are not sufficient grounds of equity jurisprudence, *unless the transactions to which they refer are such as in their essential nature* constitute a fraud or a breach of trust, for which a court of chancery can give relief." (*Van Weel* v. *Winston*, 115 U. S. 237, 238. See, also, *Fogg* v. *Blair*, 139 U. S. 127.)

In the next place, we think the complaint discloses a case in which plaintiffs had a plain, speedy, and adequate remedy at law, and in such case there is no occasion to resort to equity, and it will not be permitted. (*Ketchum* v. *Crippen*, 37 Cal. 223; *Eldred* v. *White*, 102 Cal. 600.) The judgment was entered April 26, 1892. Plaintiffs aver that they had no notice of this fact until "subsequent to April 26, 1892," but this, under a proper construction of the pleading, is equivalent to the averment that they had such knowledge immediately after that date—as early as April 27th, if need be. (*Collins* v. *Townsend*, 58 Cal. 614.) Furthermore, it appears that they at all events had actual knowledge on July 29, 1892, on which date they were served with an order to show cause why they should not be held guilty of a violation of the decree. Even the latter date was well within the six months from the entry of the decree within which, under section 473 of the Code of Civil Procedure, they could have moved for its modification or vacation. The fact that under a misapprehension of their rights they failed to take advantage of this remedy until too late, affords no ground for equitable relief.

For these reasons the complaint was bad, and it is unnecessary to consider the further objection that the

complaint does not show that any excessive relief was in fact awarded by the decree.

As the complaint stated no cause of action, it constituted no proper basis for the injunction, and the motion to vacate should have been granted, and the demurrer should have been sustained.

. The judgment and orders appealed from are reversed, with instructions to vacate the injunction and sustain the demurrer to the complaint.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.