EGGERS, Sheriff, et al. v. KRUEGER.

(Circuit Court of Appeals, Ninth Circuit. October 9, 1916.)

No. 2681.

1. COURTS ⬥262(2)—RIGHT TO EQUITABLE RELIEF AGAINST JUDGMENT—EXISTENCE OF STATUTORY REMEDY.

In view of Code Civ. Proc. Cal. § 473, which provides that a court, upon such terms as may be just, may, on motion within six months, relieve a party from a judgment taken against him through his mistake, inadvertence, or excusable neglect, a federal court of equity will not enjoin enforcement of a judgment of a state court in an action at law, where it appears that complainant knew of the judgment within one month, and no reason is shown why he did not avail himself of the statutory remedy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. ⬥262(2).]

2. COURTS ⬥262(4)—FEDERAL COURTS—INJUNCTION AGAINST JUDGMENT OF STATE COURT.

In an action of ejectment in a state court, after an examination and a finding of incompetency, a guardian ad litem was appointed for the defendant, as authorized by Code Civ. Proc. Cal. § 372. Afterwards a judgment was entered against the defendant, pursuant to a compromise agreement made by the guardian ad litem, as also authorized by said section, which was submitted to, and approved by, the court. Held that, in the absence of allegation and proof of fraud, or that the court was misled, a federal court of equity would not entertain a suit to enjoin enforcement of the judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. ⬥262(4).]

3. EXECUTORS AND ADMINISTRATORS ⬥430—PARTIES DEFENDANT—HEIR IN POSSESSION.

Where real estate of a decedent was occupied by her son, who was her administrator, and also her sole heir, and as such heir entitled to posses-

sion, an action of ejectment was properly brought against him in his individual capacity.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1683–1688; Dec. Dig. 430.]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; M. T. Dooling, Judge

Suit in equity by August Ferdinand Krueger (otherwise Kruger) administrator of the estate of Anna Maria Krueger, deceased, against Frederick Eggers, as Sheriff of the City and County of San Francisco, and others. From an order granting a preliminary injunction, defendants appeal. Reversed.

August Ferdinand Krueger, as administrator of the estate of Anna Maria Krueger, deceased, brought suit in equity against Eggers, sheriff of the city and county of San Francisco, Sophie Suter as executrix of the will of Daniel Suter, deceased, Sophie Suter, Otto tum Suden, Edward C. Harrison, and Maurice E. Harrison to enjoin the enforcement of a judgment in the state court in California for the recovery of certain real estate in San Francisco. The appeal now before us is by the defendant's Eggers and others from an interlocutory order granting an injunction. The case concerns the legal effect and validity of certain judgments and proceedings as hereinafter briefly referred to.

Anna Maria Krueger, the mother of A. F. Krueger, appellee here, died intestate in California in May, 1902, leaving certain realty in San Francisco upon which there were two mortgages—one to the Hibernia Savings & Loan Society, of San Francisco, and the other to Daniel Suter, a lawyer, the bank being the holder of a first mortgage. After the death of Mrs. Krueger, Farnham, public administrator, was appointed administrator of her estate. In November, 1902, the Hibernia Society, mortgagee, brought action of foreclosure in the state court against Farnham, then administrator of the estate of Mrs. Krueger, and Daniel Suter. In this foreclosure proceeding Farnham did not appear. Decree of foreclosure was rendered, and thereafter, at foreclosure sale, on July 8, 1903, Daniel Suter, second mortgage holder, bought in the realty, paid the bank's claim, and received a commissioner's certificate of sale. In the bill herein it is alleged that there was no service of summons on Farnham in the action of foreclosure, and that no answer, appearance, or demurrer was ever filed in said action by the administrator or any one in his behalf, that Suter filed an answer praying foreclosure, that no deed was made by the commissioner to Suter conveying title to the property to Suter, and that Suter was not an innocent purchaser without notice.

The bill further alleges that in April, 1904, plaintiff first knew that Farnham had been appointed administrator of the estate of his mother, that the bank had foreclosed its mortgage, and that Suter bought in the property; and he avers that he had no notice and had no day in court, although he was living in San Francisco, and that when he learned of the condition of the estate of his mother he had himself appointed in place of Farnham; that he then moved in the state court that the decree of foreclosure be set aside, because the court had no jurisdiction, and because the judgment was a fraud on the estate; that after due proceedings the state superior court set aside the judgment of foreclosure and all proceedings had thereon; that upon the motion to set aside Suter appeared, but that the bank did not; that from the order of the court setting aside the judgment of foreclosure of the mortgage of the said bank, under which sale was made to Suter, no appeal or motion for new trial was made.

In 1913 Suter died. Defendant Sophie Suter, his wife, was appointed executrix, and it is alleged that in August, 1913, she brought action of ejectment in the superior court of the state against Krueger individually; that Krueger answered; that a trial was had in March, 1914, Messrs. E. C. and M. E. Harrison, who were named as defendants herein, appearing as counsel for Sophie Suter, executrix; that Krueger appeared in person, being without

money to employ legal aid; that at the suggestion of E. C. and M. E. Harrison and O. tum Suden, defendants, tum Suden was appointed guardian ad litem of plaintiff; that, after trial, judgment was rendered for Krueger, the defendant in that action. It is alleged that thereafter, without consulting Krueger, tum Suden consented to a new trial of the action, and that tum Suden permitted the judgment to be set aside and waived all rights of appeal, and that as a result the court set aside the judgment in favor of Krueger, and a judgment was entered in favor of Mrs. Suter on July 11, 1914; that afterward tum Suden informed plaintiff that he had received from Sophie Suter, executrix, $1,500 to be paid to plaintiff for his interest in said property, out of which was to be deducted $250 by tum Suden as a fee for legal services rendered.

It is alleged that in the filing of the action in ejectment against this plaintiff by Sophie Suter, executrix, and the making and entering of the second judgment, the defendants tum Suden, E. C. and M. E. Harrison, and Sophie Suter knew, and were charged with knowledge, of all the facts and conditions of the title and proceedings relating to the realty, and well knew that Daniel Suter had no rights therein; that defendants threaten to enforce the judgment in ejectment; that the value of the property is $18,000; that plaintiff has offered to pay Sophie Suter, executrix, all money due to her deceased husband, the money to be obtained by a sale of the property; and that plaintiff has paid the taxes on the property since the foreclosure judgment.

At the hearing upon the application for injunction it appeared by affidavit that upon the trial of the ejectment suit in the state court in December, 1913, Sophie Suter introduced two deeds from A. F. Krueger to his mother and a commissioner's deed from the commissioner appointed in the foreclosure suit to Daniel Suter, appellant Suter's testator; that upon the trial of that action August Krueger was called as a witness, but that his guardian ad litem objected because of incompetency of his ward, whereupon the court examined the witness and decided that he was incompetent and refused to permit him to testify. Defendant in that suit (Krueger) then called the attorney who had looked after Krueger's interest in the foreclosure suit, and he testified that after decree of foreclosure had been rendered in the foreclosure suit Krueger consulted him about appealing; that this was about five or six weeks before expiration of the time to take an appeal expired; that on May 20, 1904, he obtained an order making Krueger administrator of the estate of his mother, and had him substituted for Farnham as a defendant in the foreclosure proceedings. This witness also said that when he examined the foreclosure papers he found that, although the register disclosed that an affidavit of service of summons upon Farnham had been made, no such affidavit and no answer were on file; that he then moved the superior court to set aside the decree, because it recited that Farnham appeared and filed an answer, when in truth he had not. The state court denied this motion, and on application of Daniel Suter an order was made allowing Farnham to file an answer nunc pro tunc. Soon afterward the attorney for Krueger appealed from the order of the superior court, but before bill of exceptions was signed the court reconsidered its former action, and on September 5, 1905, granted a motion of Krueger's counsel to set aside the decree of foreclosure. The witness, Warner Temple, Esq., further deposed that when he looked into the foreclosure proceedings he ascertained that Daniel Suter had bought the realty involved at foreclosure from the commissioner. Upon that same trial George A. Clough, Esq., testified that he was one of the attorneys for the Hibernia Bank in the original foreclosure proceedings; that Messrs. McGowan and Westlake were attorneys for Farnham, as administrator of the estate of Anna Maria Krueger, deceased; that they had served an answer upon attorneys for plaintiff, and appeared as attorneys for the administrator; and that until later he did not know that the answer which had been served had not been filed.

When the ejectment suit came to trial in 1913, and judgment was rendered in March, 1914, for Krueger, defendant therein, and in due course bill of exceptions was presented, it turned out that there was an appeal pending from the decree in foreclosure, or from an order refusing to vacate the judg-

ment of foreclosure—the record upon this point is in conflict—and that as a consequence, in the opinion of the guardian, the order of the superior court setting aside that decree and ordering judgment for defendant was worthless. in that the court, when it made the order, was without jurisdiction. Parkside Realty Co. v. MacDonald, 167 Cal. 342, 139 Pac. 805.

The situation then led to attempts at compromise. The guardian ad litem, by his affidavit originally filed in this matter in the superior court, explains that after full investigation and consideration of the rights and obligations of his client and of his mental condition, it would be better for the defendant to accept a reasonable sum in full settlement and liquidation if the guardian, on behalf of defendant, would consent to a new trial and judgment in favor of plaintiff and waive appeal, subject to the approval of the court. The guardian says that he regarded the litigation as doubtful in its outcome, and finding that the order of the superior court purporting to vacate the judgment of foreclosure was made after the appeal from the judgment of foreclosure had been perfected, as guardian he thought it better to obtain a compromise and settlement, and that, after being offered $1,500 and trying to obtain from Krueger consideration of the advantage of such offer, he submitted the matter to the court with "full explanation of the circumstances." Among the circumstances which the guardian sets forth is the fact that he made a computation of the amount of the debt resting upon the property and to which in equity the plaintiff in that suit would be entitled, and also of the value of the property, the calculation showing that the total amount of indebtedness was more than $13,500. The guardian says he inquired into the market value of the property, and finding that it did not exceed $16,000, and that under forced sale $14,000 to $15,000 would be a large price, he advised the compromise, and the court made the necessary order to permit the same to be carried out; that the money was paid over to the guardian, and has been by him held ever since, to be paid over to Krueger pursuant to the order of the superior court of the state, but that Krueger has failed to take the money.

It further appears from the record that on August 5, 1914, Krueger, the ejectment defendant and the plaintiff in this suit, appeared in the ejectment suit personally and through Arthur Crane, Esq., as an attorney, and moved to set aside all the rulings against him, including the order adjudging him incompetent, the appointing of the guardian ad litem, the order granting the new trial, judgment for plaintiff, order sustaining the compromise and allowing $250 as a compensation to the guardian. The grounds of these motions were that Krueger was competent and that the guardian ad litem did not have authority to compromise or waive rights of Krueger, and that the court was not advised of the value of the land and other facts regarding the compromise. Krueger, in his affidavit accompanying this motion, says that Otto tum Suden did not tell him that he expected a fee; that he thought the guardianship ad litem was at an end when the judgment in his favor was made on March 14, 1914; that he did not examine the records after March 14, 1914, until after July 22, 1914, and did not know until after July 22, 1914, that the guardian had purported to agree to the correctness of the bill of exceptions proposed, or that a motion for a new trial was pending or that the same was granted by the court, or that the guardian had been authorized to effect the compromise already referred to; that no conference was had by the guardian with him concerning the value of the land, which Krueger says is now more than $20,000, and that the liens and incumbrances upon it do not exceed $8,000, and that the value of his interest is $12,000.

H. L. Moise also filed an affidavit, in which he says that he has known Krueger for a good many years and that he is in a position requiring good common sense and ability, and that he has never exhibited any symptoms of insanity.

Against the motion were affidavits of Otto tum Suden and E. C. Harrison. Upon hearing of this motion on August 17, 1914, the superior court of the state denied the motion.

Upon motion the District Court dismissed the present bill as to the defendants Edward C. and Maurice E. Harrison, and granted injunction pendente lite as against the other defendants, who have appealed to this court.

Edward C. Harrison, Maurice E. Harrison, and Peter tum Suden, all of San Francisco, Cal., for appellants.

Warner Temple, of San Francisco, Cal. (M. H. Farrar, of San Francisco, Cal., of counsel), for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] We believe that under the circumstances set forth in the above statement the bill is without equity, in that it shows that there was a plain, speedy, and adequate remedy at law in the courts of the state in which the judgment entered July 11, 1914, was rendered. If we assume for the present purposes of the case that the judgment in ejectment entered against Krueger was obtained by the fraud of plaintiff's guardian ad litem and the adverse party, it still appears that the plaintiff herein had ample remedy, availed of by motion to set aside the judgment in the court where it was given. Section 473 of the Code of Civil Procedure of California provides that the court, upon such terms as may be just, may relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, provided application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding has been taken. It is plain from the record that this plaintiff knew of the judgment in favor of Sophie Suter against himself individually less than four weeks after rendition of the judgment, and inasmuch as he fails to show satisfactory reason for not availing himself of an appeal under the procedure of the state codes, his case is fairly within the rule established by the Supreme Court of the state of California in the case of Eldred v. White, 102 Cal. 600, 36 Pac. 944, and Heller v. Dyerville Mfg. Co., 116 Cal. 127, 47 Pac. 1016.

In Eldred v. White, supra, the action was to set aside a judgment on the ground of fraud, but it was not instituted until 13 months after the date of the judgment in the foreclosure suit, and no reason was shown why it was not commenced sooner. The court held that no sufficient facts were stated to constitute a cause of action. In Heller v. Dyerville Mfg. Co., supra, the question arose upon a prayer to modify a judgment on the ground of fraud. The Supreme Court of the state held that there was no occasion to resort to equity, because the party seeking the modification was sufficiently advised of the proceedings within the six months from the entry of the decree, within which time, under section 473 of the Code of Civil Procedure of California, he could have moved for modification.

In Nougué v. Clapp, 101 U. S. 551, 25 L. Ed. 1026, application was made to set aside a decree of a state court and a sale on the ground that the decree was obtained and the sale conducted pursuant to a conspiracy to which the person obtaining the decree and who became the purchaser at the sale was a party; but the Supreme Court held that, inasmuch as the law of the state of Louisiana allowed a motion and procedure in its courts to set aside the decree, there being no showing in the bill that the plaintiff had pursued such remedy, the federal court

would not interfere. Justice Miller stated that, if the lower court of the state refused remedy, there was an appeal to the Supreme Court, and, moreover, that under the laws of Louisiana a remedy by a special proceeding was available, and that it was not for the federal courts to reverse a decree, and set aside an order of sale made by a state court, in a case where jurisdiction of the state court was undoubted. "It would," he continued, "be an invasion of the powers belonging to that court, and such a doctrine would, upon the simple allegation of fraud practiced in the court, enable a party to retry in a federal court any case decided against him in a state court."

In Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, which was a bill to set aside a judgment as fraudulent, plaintiff alleged that he did not know of the fraudulent judgment until it was too late to make motions necessary to obtain relief under the state practice. The Supreme Court distinguished the case from Nougué v. Clapp, supra, and held that the facts took it out of the rule that relief will not be granted in equity, even where the party has an equitable defense if he could, by the exercise of diligence, have availed himself of that defense in the action at law to which he was a party.

In Bower v. Stein, 177 Fed. 673, 101 C. C. A. 299, suit was brought to set aside a judgment in foreclosure rendered in the state court where summons had been published; the claim being that the judgment was obtained by fraud. Judge Gilbert, speaking for this court, said:

"Another ground on which it should be held that there is no equity in the bill is the appellant failed to avail herself of the remedy afforded her by the statute of Oregon, which provides that the defendant against whom a judgment is taken on service by publication may upon good cause shown, and upon such terms as may be proper, be allowed to defend within one year after judgment. Under that statute, it has been held that an allegation that the plaintiff in the action did not try to find the defendant's address may be considered upon a motion to open the decree. Smith v. Smith, 3 Or. 363. According to the allegations of the bill, the appellant had notice of the foreclosure suit in ample time to have availed herself of the remedy so afforded by the state statute. A party who thus neglects to avail himself of the remedies afforded in the state court is precluded from resorting to a federal court to obtain relief against the decree. Nougué v. Clapp, 101 U. S. 551, 25 L. Ed. 1026; Graham v. Boston, H. & E. R. Co. (C. C.) 14 Fed. 753, affirmed in 118 U. S. 162, 6 Sup. Ct. 1009, 30 L. Ed. 196."

The doctrine of this last-cited case is pertinent, because in California, under section 473 of the Code of Civil Procedure, motion to set aside a judgment rendered on service by publication is put upon the same footing as a motion to set aside a judgment for fraud or inadvertence under the California Code. The general rule was announced also in Strand et al. v. Griffith, 144 Fed. 828, 75 C. C. A. 558.

In the more recent case of Simon v. Southern Railway, 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492, the Supreme Court, while holding that a plaintiff with a valid state judgment can be enjoined by the United States court from its inequitable use and that the federal court may enjoin a party from using that which purports to be a judgment, but which is in fact an absolute nullity, nevertheless recognized the rule that where a state court had jurisdiction of the person and subject-matter, the judgment rendered in the suit would be binding on the par-

ties until reversed, and there would, therefore, usually be no equity in a bill in the federal court seeking injunction against the enforcement of the judgment in the state court thus binding between the parties.

[2] If, however, we look into the substance of the case, and test the bill by its averments of fraud, our conclusion would still have to be against this appellee. Stripped of immaterial matters, it appears that on August 5, 1913, Sophie Suter, as executrix, sued the appellee in the superior court of the state of California. A guardian ad litem was appointed by the court to act for the appellee Krueger, and Krueger also appeared in person. After trial the court gave judgment for Krueger. The guardian ad litem was appointed upon a petition duly made in September, 1913, and after order to show cause had been served upon Krueger, and after hearing by the superior court, and after an adjudication that he was an incompetent person, and that it was necessary that a guardian ad litem should be appointed to represent him in the action then pending against him. Thereafter, upon representation to the court, order of compromise was made by the court, and the guardian ad litem under due authority agreed with the appellant Suter, plaintiff in the action pending in the state court, that the judgment might be set aside, and accordingly judgment was set aside and a new trial was thereafter had before Judge Sturtevant, who had presided at the previous trial. On this second trial the court had before it all the evidence adduced on the first trial, and pursuant to an agreement between the guardian ad litem and this appellant Suter respecting a proposition of payment to Krueger in settlement, judgment was on July 11, 1914, given in her favor against Krueger. Thereafter, on July 11, 1914, the guardian ad litem told Krueger of the compromise and of moneys due to appellee under the compromise.

It is apparent that the guardian ad litem was appointed by order of the court in which the action was pending, and there is no real showing that the order of such appointment was brought about by any misrepresentation or fraud. It must therefore be regarded as binding. It also appears that endeavor was made to settle the controversy between the parties, tum Suden acting as guardian ad litem, and the adverse party, Mrs. Suter. No facts showing misrepresentation or deceit or fraud in this attempted compromise are pleaded; nor is there any showing that the court was not fully advised by the guardian ad litem of all the facts in the possession of the guardian ad litem and of the appellant Mrs. Suter, or that the court was deceived or misled. The court of the state certainly had the right to appoint a guardian ad litem after notice to Krueger, and after he had an opportunity to be heard upon the question of his competency.

As to the jurisdiction in the superior court of the state to approve a compromise between the guardian ad litem and Mrs. Suter without consulting Krueger, held to be incompetent, we can have no doubt when we examine section 372 of the Code of Civil Procedure of California. That section provides that when an incompetent person is a party—

"he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the action is pending, in each case."

The statute continues:

"A guardian ad litem may be appointed in any case, when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant, insane, or incompetent person in the action or proceeding. * * * The general guardian or guardian ad litem so appearing for any infant, or insane or incompetent person in any suit shall have power to compromise the same and to agree to the judgment to be entered therein for or against his ward, subject to the approval of the court in which such suit is pending."

The guardian regularly appointed, being vested with the power to compromise and agree to the judgment to be entered in the suit pending for or against his ward, subject to the approval of the court, was authorized to take the course that he did. Krueger having been found and adjudged to be incompetent, notification to him personally of the proposed compromise was not legally necessary, provided always the court should deem the compromise to be fair to the incompetent. Procedure according to the terms of the statute was therefore had, and the federal court will not now entertain a bill which necessarily involves an inquiry whether or not Krueger was in fact competent, notwithstanding the decision of the state court, when the guardian ad litem acted in his behalf and with the approval of the court. We have considered the fact that a judgment had been rendered in favor of Krueger after the first trial, but we do not think that affects the question. The action was still pending (section 1049, Code of Civil Procedure of California), and the superior court of the state was authorized to grant a new trial and vacate the judgment, and, no facts showing fraud being alleged, to entertain the suggestion of a compromise and to approve of the same. Heller v. Dyerville Mfg. Co., 116 Cal. 127, 47 Pac. 1016.

In Harbison v. Harbison et al. (Tex. Civ. App.) 56 S. W. 1006, a minor brought suit to set aside a waiver and abandonment of appeal made by his next friend upon the ground that, while the court approved the same, the decree was the result of fraud and mistake. The Court of Appeals of Texas cited the statute of Texas, which, much like section 372 of the Code of Civil Procedure of California, authorized a settlement by the next friend with the approval of the court, and held that, notwithstanding the fact that the bill alleged fraud in general terms, the decree should not be set aside, because there was no showing that the court had been deceived in making the decree approving the compromise, and because it must be assumed that the facts were fully before the court when such decree was made. In that case there was also a failure to allege that any misrepresentation had been made to the guardian or next friend by the adverse party, although the complaint alleged that, because of the compromise, property of great value had been sacrificed, to the injury of the minor, and that the settlement had been made without consulting him.

[3] It is urged that relief against the judgment had against Krueger personally should be granted, because Krueger now claims as the administrator of the estate of his mother. Thus is presented the question whether the judgment against Krueger individually affects his rights as administrator. Krueger, being the heir of his deceased moth-

'er, whose estate he represents as administrator, as such heir is entitled to the possession of the property. As his possession flows from such right, as administrator he is privy to his possession as heir, and as heir may prosecute or defend the action. California Code of Civil Procedure, §§ 1452, 1453, and 1581; McFadden v. Ellmaker, 52 Cal. 348; Ryer v. Fletcher Ryer Co., 126 Cal. 482, 58 Pac. 908. Furthermore, Krueger having actually appeared and defended the action, it is not material that in making the defense he did not have himself substituted in his official capacity as the nominal defendant. California Code of Civil Procedure, § 1908; Estate of Ricks, 160 Cal. 467, 117 Pac. 539. We believe ejectment was properly brought against Krueger, occupant of the premises, individually rather than as administrator; the rule being that no action can be maintained against a personal representative, as such, for a tort. Luscomb v. Fintzelberg, 162 Cal. 433, 123 Pac. 247.

Careful examination of the whole record impresses us with the belief that there is no substance in the attack upon the good faith of the guardian toward his ward. Mr. tum Suden, who was the guardian, sets forth with great detail his belief that his ward was incompetent, and that he formed such belief after observing him and conferring with him and noting his unwillingness to take care of his interests in permitting judgments to go against him. Nothing is to be taken against the guardian ad litem because he was paid $250 for his services after a compromise had been approved: the judge found that that sum would be reasonable, and ordered it paid; and it is not enough to say that such a payment, made, as it was, under an order of the state court, is evidence of any impropriety or breach of good faith on the part of the guardian.

There is some conflict in the affidavits as to the value of the property. But all the facts, including statements concerning bills for taxes and other evidence relating to the market value of the property, were before the state court at the time that it passed on the motion for a new trial, which was made after judgment had been rendered in favor of Krueger. It was the opinion of the judge of the state court that under the law the motion for a new trial was well taken, because the decree in foreclosure was valid, and the order which had set it aside was in excess of the jurisdiction of the court, because it had been made pending appeal. Presumably such was the law of the state. Therefor the order granting a new trial was correct, and the guardian ad litem presumably acted in the best interests of his ward in using his best endeavors to effect a compromise whereby the ward would receive some advantage.

In conclusion, we think it appears that the appellee, having had decision rendered against him by the courts of the state, which denied his claims, fails to show any ground for maintaining this suit in the federal courts, which is based upon the same grounds as the litigation had in the courts of the state. Relief herein must therefore be denied, and the order and interlocutory decree must be reversed, and the cause remanded to the lower court, with directions to dismiss the complaint.