### In re ISAAC SILVER & BROS. CO., Inc.

District Court, S. D. New York.
Oct. 26, 1933.

Donovan & Raichle, of New York City (B. P. McAllister and David Teitelbaum, both of New York City, of counsel), for trustee.

Joseph & Demov, of New York City (Charles L. Grad, of New York City, of counsel), for claimant.

PATTERSON, District Judge.

F. & W. Grand-Silver Stores, Inc., which will be referred to as the agent, was managing agent for the bankrupt company and also for F. & W. Grand 5-10-25 Cent Stores, Inc., which will be referred to as the Grand Company. It also owned all the capital stock of these two companies. The bankrupt owed the claimant $5,761.44 for goods purchased. The Grand Company owed the claimant $9,316.44 for goods purchased.

With matters in this condition, the agent made payments to the claimant in the sum of $10,000 by its own checks drawn on a bank account in which it kept funds of both principals. There is no proof that the money belonged to the bankrupt. The checks contained no notations to indicate on which debt they were to be applied, nor did the agent in any fashion direct the claimant as to any particular treatment of the payments. On receiving the payments, the claimant by entries on its books credited them to the account of the Grand Company so as to satisfy that debt in full, crediting only the excess against the debt owed by the bankrupt. This extinguished the debt of the Grand Company and left the debt of the bankrupt at $5,076.50. The claimant did not communicate to the agent or to either principal how it had treated the payments.

Both of the principals became insolvent soon after. The claimant filed proof of claim against the bankrupt for $5,076.50, the amount shown on the claimant's books as the unpaid balance of the debt. The trustee interposed an objection to the effect that on a pro rata allocation of the payments between the debts of the bankrupt and the Grand Company the unpaid balance of the claimant's claim against the bankrupt was only $1,912.96. (As it now turns out, the bankrupt's estate will pay a much larger dividend than the Grand Company estate.) At hearings before the referee, the facts referred to above were brought out. There was also testimony by one Weinman, an officer of the claimant, that it had been orally understood between the claimant and the agent that the payments were to be credited on the Grand Company debt. The referee sustained the trustee's objection. He disregarded Weinman's testimony as to the existence of an oral understanding, and ruled that, "in the absence of any earmarking of the payments or any agreement between the parties as to the allocation of the payments, the creditor was dealing with a common agent for two principals and was therefore not permitted, even if the debtor had failed to indicate how the payments should be allocated, to make that allocation on its own initiative." He held that the payments should be apportioned between the two debts according to their amounts. The effect of this was to reduce the claim to $1,912.96.

The claimant urges that the referee erred in rejecting the testimony of Weinman as to a specific understanding that payments were to be applied in reduction of the Grand Company debt. It is true that this evidence was not squarely contradicted. Weinman, however, was an interested witness, and there were facts in the case that had a tendency to render his testimony improbable. The referee was therefore not bound to accept his testimony as true, and we may eliminate from the case the element of an agreed allocation of the payments. Union Electric Steel Co. v. Imperial Bank of Canada (C. C. A.) 236 F. 857; Canajoharie National Bank v. Diefen-

dorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676.

■■■ The case then is one where two debtors are obligated to a creditor and the common managing agent of the two makes payments to the creditor without indicating to which debt the payments are to be applied. There is nothing in the amount of the payments that would relate them more to one debt than the other. Has the creditor the right of applying the payments to whichever debt he chooses? No authorities on the point have been handed up, but on principle and analogy the creditor has the right to make the application.

The common case is where a debtor owes more than one obligation to a creditor and makes a voluntary payment. It is well understood in such a case that the payment will be applied as the debtor directs; if he makes no direction, the creditor may within certain limits apply the payment as he sees fit; if neither makes the application, the law will make it according to notions of justice. United States v. Kirkpatrick, 9 Wheat. 720, 6 L. Ed. 199; Korbly v. Springfield Institution for Savings, 245 U. S. 330, 38 S. Ct. 88, 62 L. Ed. 326; Bank of California v. Webb, 94 N. Y. 467. The uncommunicated intent of the debtor, as shown by an entry on his private books, is not a direction by him. Terhune v. Colton, 12 N. J. Eq. 232; Manning v. Westerne, 2 Vern. Ch. 606. But in the case of the creditor the entry of the payment on a particular account before controversy is evidence of an application by the creditor to that account, and no communication to the debtor is necessary. Jones v. United States, 7 How. 681, 12 L. Ed. 870; Johnson v. Thomas, 77 Ala. 367. So in this case, if the two debts had been obligations of the same debtor, the creditor would have had the right to make such application as he deemed to his advantage, and the posting of the payments on his books would have been a sufficient exercise of that right. I see no reason why the same rule should not govern the case of debts owed by separate debtors to the same creditor where payments are made by a common agent without any direction in respect to application.

■■■ Where a debtor owes an individual debt to a creditor and also owes a debt jointly with another to the same creditor, and the debtor makes an indefinite payment, the creditor may apply the payment to the joint debt if he chooses to do so. Such a case has been held to come within the general rule governing application of payments. Van Rens-

selaer v. Roberts, 5 Denio (N. Y.) 470. See, also, Santa Marina Co. v. Canadian Bank of Commerce (D. C.) 242 F. 142, 150. It is only a short step forward to apply the same rule to the case of debts owed by different debtors and a general payment made by the common agent of both debtors.

For these reasons, I am of opinion that the referee erred in holding that the claimant had no right to apply the payments against the debt owed by the Grand Company in greater proportion than against the debt owed by the bankrupt.

The order appealed from will therefore be reversed, and the claim allowed at the sum of $5,076.50.