[Civ. No. 2117.   Third Appellate District.—June 17, 1920.]

FRED L. WILLIAMS, Appellant, v. F. L. STEARNS, Respondent.

[1] APPEAL—JUDGMENT—SUPPORT OF FINDINGS—PRESUMPTION.—On an appeal from a judgment on the judgment-roll alone, the presumption must be indulged in that the findings of the trial court were justified by and derive support from the evidence.

[2] ID.—CONSTRUCTION OF FINDINGS.—On appeal, findings must be so construed as to support the judgment of the trial court, if such a course may consistently and reasonably be adopted.

[3] LANDLORD AND TENANT—TENANCY AT WILL—VERBAL NOTICE OF INTENT TO SURRENDER PREMISES—SECURING OF NEW TENANT—ESTOPPEL.—Where a tenant in possession under a mere tenancy at will, or from month to month, verbally notifies the landlord that he will within a brief period of time surrender the premises, because he will have no further use therefor, and the landlord in reliance upon such statement enters into a contract whereby the premises and property in question are leased to another, the former tenant at all times having knowledge of the pendency and prosecution of the negotiations culminating in the said lease, an estoppel is thereby raised against such former tenant to claim the right to a further lease of the premises.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert L. Williams for Appellant.

W. H. Jamison for Respondent.

HART, J.—Plaintiff brought the action to recover as damages from defendant the difference between the agreed rental value of certain premises in the city of Los Angeles, belonging to defendant, under a so-called option agreement, and the reasonable rent of said premises for a period of two years. From a judgment that plaintiff take nothing by his action he prosecutes this appeal.

There is before us a record, prepared according to the alternative method of appeal, but appellant states that he refers to and relies only upon the following portions thereof: The amendment to complaint, the answer to amendment to complaint, the findings of fact and conclusions of law, and the judgment. The appeal is, therefore, really upon the judgment-roll alone.

The basis of the action is a certain "Lease Contract," dated Los Angeles, June 12, 1916, and addressed to plaintiff at San Francisco. It contains the following provisions:

"Mr. Fred L. Williams, party of the first part, and Stearns Gas Engine Works, party of the second part, hereby agree to the following contract as follows: Party of the second part agrees to lease to the party of the first part the present front office, a space near such office for exhibition purposes, and the machine shop situated and located on premises at 1003 N. Main St., Los Angeles, Cal., for the sum of eighty dollars per month payable as follows: One hundred dollars upon signing this contract, receipt for which is hereby given, sixty dollars on July 12, 1916; this being the date from which said lease shall start; these two payments form the payments for the first and the last month under this lease which is to run for a period of four months from July 12, 1916. All payments thereafter shall be eighty dollars a month in advance.

"The party of the first part shall have the option at any time before the expiration of this lease, to take over the entire lower floor; leasing the same for a period of from two to three years, at the rate of $150.00 a month payable in advance each month, except the last three months of said optional lease, payment for which shall be paid on the date of signing the optional lease. This option shall continue as long as this temporary lease."

Provision was then made for the privilege of using certain tools by Williams and the division of operating expenses between the parties, and the instrument proceeded:

"It is understood that either party to this lease may bring same to a close upon one month's notice in writing, and in the absence of such notice it is to be understood that the lease shall continue monthly. The above is to apply only after the four months period covered by this

lease, but this lease to continue in the absence of notice monthly.'' The instrument was signed: ''Stearns Gas Engine Works, by Francis A. Stearns, Party of First Part. By Fred L. Williams, Party of the Second Part.''

It was alleged that Francis A. Stearns, who signed said instrument on behalf of the first party, was at the time ''made the agent of defendant authorized in writing, subscribed by defendant, to make and sign said lease.'' It was then alleged that plaintiff entered into possession of said property and paid rent therefor, amounting to $1,163.29, to and including the month beginning with May 12, 1917; that, in reliance upon said contract, plaintiff also expended $150.00 in making certain improvements on the property; that, on or before May 17, 1917, ''pursuant to the terms of said agreement plaintiff elected and orally notified defendant of his election to exercise the option stipulated and agreed to under said agreement to take over the entire floor of the premises described therein,'' which included the use of certain mentioned personal property, machinery, etc.; that on said date plaintiff notified defendant in writing of his said election, which writing was addressed to ''Stearns Gas Engine Works and Francis A. Stearns, Esq.,'' and stated: ''You and each of you will please take notice that the undersigned, Fred L. Williams, party of the first part, in that certain agreement executed with the Stearns Gas Engine Works, as party of the second part, said agreement in writing being dated June 12, 1916, . . . hereby notifies you that said undersigned hereby exercises his option under the terms of said agreement [stating the terms thereof]. The undersigned does hereby offer to pay said last three months rental, to wit, the sum of four hundred and fifty dollars, upon the execution of said new lease, together with the first months advance rental, and does hereby request that you execute said new lease with the undersigned at the expiration of the present lease, to wit, on June 12, 1917. . . . This notice confirms oral notice given you prior to receipt of notice of cancellation from you.'' Signed by Fred L. Williams.

On the same day the following notice, on the letter-head of the defendant, was served upon plaintiff:

"Mr. Fred L. Williams,

"Los Angeles, Calif.

"Dear Sir: According to the terms of our contract of June 12th. We hereby give you notice of the termination of said lease contract.

"Very truly yours,

"STEARNS GAS ENGINE WORKS,

"F. L. STEARNS."

The refusal of defendant to accept said rental or to lease to plaintiff said premises is alleged, and it is then stated: "That since said notice was served upon plaintiff and not before, defendant has informed plaintiff that said agreement to lease and option to lease was not valid and enforceable for two reasons, namely, that his son, Francis A. Stearns, who signed said agreement was at said time a minor and further was not authorized in writing by defendant to sign said lease; that prior to said information plaintiff had no knowledge or information that said agreement was not, or that defendant claimed that it was not, enforceable and valid"; that had plaintiff been so informed he would not have entered into said lease or expended the money which he did, and that the representations made by defendant that Francis A. Stearns was duly authorized to execute said agreement were false and made with intent to defraud plaintiff.

The answer specifically denied all the material allegations of the amendment to the complaint. Among such denials were the following: That defendant entered into or executed the written agreement set forth in the complaint and subscribed by Francis A. Stearns as the agent of the defendant; that said Francis A. Stearns was the agent of the defendant or authorized to execute said written agreement for or in behalf of the defendant; that the defendant represented to plaintiff at any time that said Francis A. Stearns was authorized by it to make or enter into said written agreement for or on its behalf; that the plaintiff entered into and took possession of the premises described in said purported written agreement under said agreement or in pursuance of the terms thereof, but alleged in effect that the plaintiff entered into the possession of said premises under an oral agreement between him and the defendant, made on the said twelfth day of June, 1916.

The answer then sets up the following affirmative defense: "That on or about the month of January, 1917, plaintiff notified and represented to the defendant that plaintiff would not have any use for the said premises beyond a short time, to complete certain experiments then pending, and would shortly surrender the premises to the defendant, . . . and on the twenty-first day of February, 1917, the said plaintiff again notified and represented to defendant that plaintiff· would shortly surrender the said premises and thereafter a contract for the use of said premises was entered into by this defendant with one B. C. Donnelly; . . . that thereafter and on or about the fifth day of April, 1917, plaintiff notified and represented to plaintiff that he would shortly surrender the said premises to defendant, and thereafter the defendant entered into a further contract with said Donnelly; . . . that throughout said negotiations and at the time of making the aforesaid contracts, plaintiff knew and was informed that the defendant believed and relied on the aforesaid notices and representations made by plaintiff to defendant, and that defendant but for such belief and reliance would not have entered into said negotiations and made the said contracts with said B. C. Donnelly of February 21, 1917, and April 5, 1917."

The court found that at the time of the execution of said "lease contract" Francis A. Stearns was not acting as an agent of the defendant and was not authorized in writing to make said agreement; "that the defendant made no representations to plaintiff that said Francis A. Stearns was authorized to execute said lease and that said instrument was executed by said Francis A. Stearns without the knowledge or consent of the defendant." It was also found that the plaintiff entered into the possession of the premises and property described in said "Lease Contract" on or about July 15, 1916, etc. It was then found that the cancellation notice of May 17, 1917, was served upon plaintiff before the latter served the defendant, on the same day, with the written demand for a lease; that plaintiff made no tender of rent for any period of time subsequent to June 12, 1917; "that plaintiff and his workmen ceased work at said premises on or about June 9, 1917, and notified and represented to defendant that he had abandoned said premises and intended to claim no

rights therein under the aforesaid lease or otherwise.'' The court also found to be true the allegations in the answer as to plaintiff notifying defendant that he would have no further use for the premises and as to the entering into of a contract with said Donnelly. It was further found generally that those allegations of the complaint as to which specific findings were not made are untrue and that the allegations or denials of the answer as to which like findings were not made are true.

Four points are made by appellant for a reversal of the judgment, to wit: 1. That by reason of service by the defendant of the notice of May 17, 1917, referring to ''our contract of June 12th,'' the defendant ratified the lease contract made by Francis A. Stearns; 2. That until that time and by such purported ratification, any statements made by the plaintiff to the defendant could not operate as an estoppel against plaintiff; 3. That plaintiff did not abandon his rights under the lease contract; 4. That if the acts of plaintiff were sufficient to estop him from demanding any rights as against the defendant under the Francis A. Stearns contract, then the alleged act of the defendant in ratifying said contract operates as an estoppel upon the defendant sufficient to prevent him from taking any advantage of any opportunity to establish an estoppel against the plaintiff, and the matter is, therefore, set at large.

[1] This being an appeal from the judgment, on the judgment-roll alone, the presumption must be indulged that the findings were justified by and derive sufficient support from the evidence. The findings of fact, as made by the court, plainly speak for themselves, and are upon their face decisive of the case against the appellant.

As above shown, the court found that the purported written contract of lease was not executed by Francis A. Stearns by the authority of the defendant and that the latter made no representation to the plaintiff that said Francis A. Stearns was authorized to make any such contract for or in its behalf; and, while the court found that the plaintiff entered into the possession of the premises and property *described in said contract of lease,* it did not find, either specifically or otherwise, that the plaintiff entered into and took such possession *under or by virtue of*

*said contract or in pursuance of the terms thereof.* It is true that the court did not specifically find that the plaintiff entered into the possession of said property under some other agreement of contract between the parties than the written agreement, but it is also true that the answer, in effect, alleges that such possession was taken under an oral agreement entered into between the parties on the date of the execution of the purported written contract of lease, and that the court's general finding that all the denials and allegations of the answer were and are true necessarily embraces a finding that possession was taken by the plaintiff under said oral agreement—that is to say, such a finding is necessarily implied from the general finding referred to. It follows, therefore, that the written notice which the court found had been given to the plaintiff by the defendant of the termination of the "lease contract of June 12th" must be understood and construed to refer to the oral agreement and not to the purported written contract. ·[2] This view results from the familiar rule that findings must be so construed as to support the judgment, if such a course may consistently and reasonably be adopted. "It is elementary," as the supreme court says in *People* v. *McCue,* 150 Cal. 195, 198, [88 Pac. 899, 901], "that if findings of fact are reasonably susceptible of such a construction as will support a judgment, they must receive that construction rather than one that will not so support it." (See, also, Hayne on New Trial and Appeal, sec. 242, subd. 6.)

The consequence of the situation as to the findings, as above explained, is that the discussion in the brief of the appellant of the proposition that the defendant, by reason of the written notice given by it to the plaintiff of the termination of the lease, ratified the purported written lease and is, therefore, estopped from asserting that said writing was executed without its authority, is beside the legal issues presented on this appeal. In other words, the point as to the asserted ratification by the defendant of the alleged written contract and that the defendant is foreclosed the right by estoppel arising upon and from such ratification to deny for any reason the validity and binding force of said writing is wholly without pertinency or force

under the state of the findings, as we feel that we are required to view them.

[3] The court found, as has been shown, and so found presumptively from sufficient evidence, that the plaintiff, in the months of January and February, 1917, verbally notified the defendant that he would shortly have no further use of the premises, or any portion thereof, and that thereupon the defendant entered into negotiations with the said Donnelly for the leasing of the same to the latter; that the plaintiff was aware of these negotiations with Donnelly, and that the defendant, relying upon the notices so given to it by plaintiff that he intended within a short period of time to vacate and surrender said premises, did enter into contracts of lease with said Donnelly whereby the latter was to take immediate possession of all and every portion of said premises and the machinery and equipments belonging to the business conducted on said premises; that but for the fact that it relied upon said representations and notices by the plaintiff that he intended to quit and surrender to the defendant the said premises and property the latter would not have entered into the negotiations and contracts referred to with said Donnelly; that the plaintiff, after the defendant's transaction with Donnelly, having failed and refused to surrender said property as voluntarily promised by him, the defendant thereupon served upon him the notice of the termination of the lease, which, under the findings, involved a mere tenancy at will, or from month to month. Thus an estoppel arose against any right the plaintiff might otherwise have had to complain of the action of the defendant in entering into a contract with Donnelly whereby it leased the premises and property in question to the latter and in refusing, as a consequence, to make a further contract of lease of said premises and property to the plaintiff. In other words, the defendant, having in reliance upon the statements of the plaintiff that he would within a brief period of time surrender the premises, because he would have no further use therefor, entered into the contracts whereby it leased the premises and property in question to Donnelly, the plaintiff at all times having knowledge of the pendency and prosecution of the negotiations culminating in the said lease to Donnelly, an

estoppel was thereby raised against plaintiff to claim the right to a further lease of the premises.

The judgment is affirmed.

Nicol, P. J., *pro tem.*, and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1920.

All the Justices concurred, except Sloane, J., who was absent.