[Civ. No. 3216. Second Appellate District, Division One.—July 31, 1920.]

## C. COHN, Respondent, v. M. RUDNECK et al., Appellants.

[1] UNLAWFUL DETAINER — LOST LEASE — PROVISION FOR RENEWAL—EVIDENCE—FINDING.—In this action for unlawful detainer after the service of notice to surrender possession, following the expiration of a written lease, the evidence was sufficient to justify the finding of the trial court that the lease under which the defendants had been in possession of the property, both copies of which had been lost, did not contain a provision giving the defendants the privilege of renewal at their option, as alleged by them in their answer and as testified to by them at the trial.

[2] ID.—PAROL WAIVER OF WRITTEN OPTION—ABSENCE OF OPTION PROVISION—EVIDENCE.—Conceding that if in the lease the defendants were given an option to renew the same, a waiver thereof could not be shown by parol testimony, in such action in unlawful detainer, a conversation had with one of the defendants prior to the expiration of the lease wherein he stated that the defendants had secured a lot and had material for a building which they proposed erecting, and therefore would not continue their tenancy, is properly admitted as tending to show that the lease contained no such option provision.

[3] ID.—RENTAL VALUE—EVIDENCE—OFFER.—In such action, the court having fixed the rental value of the property at a given amount per month and there being evidence to sustain such finding, the defendants were not prejudiced by the statement of the plaintiff that he was offered a much larger sum as rental for the premises.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kaye & Siemon for Appellants.

E. F. Brittan for Respondent.

SHAW, J.—At the expiration of a written lease of real estate made by plaintiff to defendants they refused to surrender possession and thereupon he brought this action for unlawful detainer.

Judgment went for plaintiff, from which defendants appeal.

[1] The lease was for a term of five years at a rental of forty dollars per month for the first two years; forty-five dollars per month for the next two years, and fifty dollars per month for the last year. As alleged by defendants, the lease contained a provision that "at the end of the term, to-wit, December 31, 1918, . . . the defendants should have the option or right or privilege of an extension or renewal of such tenancy or lease for the further or additional period of five years from and after January 1, 1919, upon the same terms and conditions provided for in said lease for the term commencing January 1, 1914, and ending December 31, 1918"; as to which the court found adversely to defendants, and the sufficiency of the evidence to sustain this finding presents the chief question for determination. The burden of establishing the truth of this allegation devolved upon defendants. While the lease was executed in duplicate, both copies thereof were lost, and the question as to whether the lease contained the provision alleged was made to depend upon the conflicting testimony of the respective parties. Defendants were partners doing business under the name of the Western Junk Company, and each of them, Himovitz, Rudneck, and Bernson, testified that by the terms of the lease they were given a "five-year privilege." No claim was made by defendants or either of them that the lease contained a provision for the renewal thereof, until about December 26, 1918, four days before the expiration of the lease, at which time, and after plaintiff had served

notice upon them to surrender possession, they served him with notice of an election to renew the lease upon the purported provision therein. While concededly plaintiff had talks with defendants in regard to a continuance of their tenancy, they never at any time prior to December 26th made any claim that the lease contained a provision for its renewal at their option. On the contrary, their action and conversations in reference to the subject of their tenancy were indicative of the contrary. The court no doubt in considering their testimony was impressed by the fact that they had no recollection of the contents of the lease other than it contained, as stated by them, "a five-year privilege." Plaintiff, on the contrary, testified in positive terms that the lease contained no provision for the renewal thereof. While it is true, as contended by appellants, the witness entered into an argument based upon the conduct of defendants which he claimed tended to show that the lease contained no such provision, such argument does not detract from the weight of his positive statement which the court, considering the unsatisfactory testimony of defendants, was justified in believing. Upon the facts shown by the record 'it cannot be said the evidence was insufficient to justify the finding made by the court, and hence it is unnecessary to enter upon a discussion of the question as to whether or not, if the lease contained the provision alleged, it was void for uncertainty.

[2] Conceding, as claimed by appellants, that if in the lease defendants were given an option to renew the same, a waiver thereof could not be shown by parol testimony, nevertheless the conversation had in August prior to the expiration of the lease with defendant Rudneck, wherein he stated that defendants had secured a lot and had material for a building which they proposed erecting, and therefore would not continue their tenancy, was proper as tending to show that the lease contained no such provision. [3] Neither were defendants prejudiced by the statement of plaintiff that he had been offered $100 per month as rental for the premises. The court fixed the rental value at fifty dollars per month, and there is evidence to sustain such finding.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.