[Civ. No. 4442. Second Appellate District, Division One.—May 1, 1924.]

CARRIE HERSOM, Appellant, v. MILTON HERSOM et al., Respondents.

[1] JUDGMENTS—FORECLOSURE OF MORTGAGES—DEFAULT—FRAUD—DEFENSES—EQUITY.—Judgments of foreclosure of mortgages will not be set aside in an independent equitable proceeding instituted by a party who was a defendant in the foreclosure actions and who defaulted therein, which equitable proceeding is based upon charges of fraud affecting the merits of the foreclosure actions, where there was no extrinsic or collateral fraud whereby the jurisdiction of the court in the foreclosure actions was imposed upon, or whereby the plaintiff in foreclosure prevented or did anything for the purpose of preventing the plaintiff in such equitable proceeding from presenting to the court her defenses, if any she had.

[2] ID.—POVERTY OF DEFENDANT—EQUITY.—The mere poverty of a defendant in an action, unaccompanied by any effort of the prevailing party to prevent a fair hearing of the cause, is never a sufficient ground for a suit in equity to set aside the judgment.

[3] ID.—DEFAULT—RELIEF UNDER SECTION 473, CODE OF CIVIL PROCEDURE NOT APPLIED FOR—EQUITY.—The plaintiff in such equitable proceeding having had an opportunity, under section 473 of the Code of Civil Procedure, to apply to the court for relief against the defaults taken against her in the foreclosure actions, if she had suffered default through any excusable neglect, and not having attempted to obtain the benefit of that remedy, there was no occasion to resort to equity, and it will not be permitted.

(1) 34 C. J., p. 457, sec. 713, p. 472, sec. 739, p. 473, sec. 740. (2) 34 C. J., p. 445, sec. 698 (1926 Anno.). (3) 34 C. J., p. 435, sec. 683.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. L. Kilgore for Appellant.

1. Relief in equity from judgment, notes, 19 Am. Dec. 603; 54 Am. St. Rep. 218. See, also, 15 Cal. Jur. 14; 15 R. C. L. 762.
2. See 15 Cal. Jur. 29; 15 R. C. L. 735.
3. See 14 Cal. Jur. 1037.

Harry K. Smith for Respondent Milton Hersom.

Rollin L. McNitt for Respondent Benjamin F. Hersom.

CONREY, P. J.—This action was commenced by the plaintiff against Milton Hersom and Inez E. Hersom. Prior to the trial of the action, Inez E. Hersom died, and Benjamin F. Hersom, executor of her last will and testament, was substituted in her place as defendant.

Carrie Hersom and Milton Hersom, at all of the times mentioned in the complaint, were husband and wife. They owned as community property several parcels of land. They executed three several notes and mortgages to different mortgagees, each of them being a lien upon a part of this real property. In May, 1919, Inez E. Hersom, who was the mother of defendant Milton Hersom, purchased these mortgages and caused them to be assigned to herself. On the second day of August, 1919, she commenced three actions, each action being for the foreclosure of one of said mortgages. In each action summons was served upon Carrie Hersom, defendant therein, on the thirteenth day of September, 1919, and her default entered on the twenty-ninth of the same month. The decrees of foreclosure were entered on the twenty-eighth day of October, 1919, and sales under said decrees were made in January, 1920. In each instance Inez E. Hersom became the purchaser of the property, and the sheriff's deeds were duly issued to the purchaser in January, 1921, after the expiration of the several periods of redemption.

The plaintiff herein and the defendant Milton Hersom had separated in July, 1918, and the husband had commenced an action for divorce. After that time they never lived together. In that divorce action relief was denied to both parties. A second divorce action was commenced by the husband on March 16, 1920. In that action an interlocutory decree in favor of the plaintiff was entered on the thirtieth day of December, 1920, which decree, on appeal, was affirmed. (*Hersom* v. *Hersom,* 60 Cal. App. 383 [212 Pac. 717].)

This present action was brought by Carrie Hersom to obtain a decree setting aside the said several decrees of foreclosure and the sales and conveyances made thereunder,

and to establish and declare the plaintiff's alleged rights in said several parcels of real property. In her complaint she did not attack the validity of the mortgages. She alleged that the mortgages were purchased by Inez E. Hersom with money furnished to her by defendant Milton Hersom; that the defendant Milton Hersom allowed the interest thereon to become delinquent for the purpose of instituting foreclosure proceedings thereon; that said defendants connived and arranged for said proceedings for the purpose of wrongfully and fraudulently foreclosing the interest of said Carrie Hersom in said property, and that defendant Milton Hersom used the name of his mother for the purpose of defrauding said Carrie Hersom by means of said proceedings. Appellant further alleged that at the time of the commencement of said foreclosure actions, she was in a weakened physical condition and was without funds to contest the same, and was unable to file an answer thereto. Upon issues raised by the answer of the defendants, this action was tried and judgment was entered in favor of the defendants. From that judgment the plaintiff appeals.

In response to issues raised by the complaint and the answer of the defendants, the court found that at the time of service of summons upon Carrie Hersom in each of said divorce actions, she took the copies of complaints and summonses to her attorney; that the defendant Milton Hersom and his mother did not connive or arrange for said assignment of the mortgages wrongfully or fraudulently, and that the said Milton Hersom did not furnish any money for the purchase of any of said mortgages.

Appellant did not allege and does not contend that anything was done by either Milton Hersom or Inez E. Hersom or any person acting in their behalf to prevent appellant from making her defense, if any she had, in said foreclosure actions. She now complains that the court erred, in that appellant was not permitted to introduce evidence for the purpose of proving that said foreclosure proceedings were in fact fraudulent, as alleged in her complaint, and for the purpose of proving that by reason of her financial and physical condition at the time of service of the summons, she was precluded from filing any answer because she was without funds "even to pay the fee required by law upon the filing of an answer," and to prove "that she relied upon

her attorneys to protect her in the matter of these fore-
closures, and that she told her counsel that the foreclosure
proceedings were instituted for the express purpose of de-
frauding her.'' Such are the claims of appellant as set
out in the brief of her counsel herein.

In view of the well-settled law in actions of this charac-
ter, it at once becomes clear that there is no merit in the
appeal. The statement of the case is itself almost a com-
plete decision. Appellant had an opportunity to submit her
claims for investigation and determination in the foreclos-
ure actions. If there was any fraud it was something
involved in the issues which she could have had determined,
by defense in those actions. [1] There was no extrinsic
or collateral fraud whereby the jurisdiction of the court in
those actions was imposed upon, or whereby the plaintiff
in foreclosure prevented or did anything for the purpose
of preventing Mrs. Carrie Hersom from presenting to the
court her defenses, if any she had. This being so, the
judgments will not be set aside in an independent equitable
proceeding based upon charges of fraud affecting the merits
of the actions. (*Pico* v. *Cohn*, 91 Cal. 129 [25 Am. St. Rep,
159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *Fealey* v.
*Fealey*, 104 Cal. 354 [43 Am. St. Rep. 111, 38 Pac. 49];
*Hanley* v. *Hanley*, 114 Cal. 690 [46 Pac. 736].) [2] The
mere poverty of a defendant in an action, unaccompanied
by any effort of the prevailing party to prevent a fair hear-
ing of the cause, is never a sufficient ground for a suit in
equity to set aside the judgment.

[3] Moreover, as has been suggested by counsel for re-
spondents, appellant had an opportunity, under section 473
of the Code of Civil Procedure, to apply to the court for
relief against the defaults taken against her, if she had
suffered default through any excusable neglect. ''In such
case there is no occasion to resort to equity, and it will not
be permitted.'' (*Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 127
[47 Pac. 1016].) Appellant did not attempt to obtain the
benefit of that remedy.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.