STATE ex rel. MATT, Relator, *v.* DISTRICT COURT et al.,
RESPONDENTS.

(No. 6,563.)

(Submitted October 8, 1929.  Decided December 12, 1929.)

[282 Pac. 1042.]

194

*Mr. E. E. Hershey,* for Relator, submitted a brief and argued the cause orally.

*Mr. Thomas N. Marlowe,* for Defendants, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an original proceeding in *certiorari*. The writ was issued, and final hearing was had, upon the filing of the return thereto by the defendants. It appears from the relator's affidavit for the writ and the defendants' return, that on April 14, 1927, a complaint in usual and ordinary form was filed in the district court of Missoula county to foreclose a mortgage upon real estate in Missoula county by Eva Mercer, as plaintiff, against the relator herein, Henry Matt, and Margaret Matt, his wife, the latter having since died; that the defendant in that action, Margaret Matt, was duly served with summons on April 20, 1927, and that her husband, Henry Matt, was regularly personally served with a copy of the summons and of the complaint therein on April 21, 1927, and that his default was entered on May 11, 1927, "when his time for appearance had not yet expired"; that thereafter on the fourteenth day of June, 1927, after hearing, a judgment of fore-

closure and sale of the mortgaged property was entered, and the property was on July 9, 1927, sold on execution by the sheriff to Eva Mercer, the purchaser at such sale, and the sheriff's certificate of sale then and there issued and delivered to her; that after the expiration of the period of one year allowed for redemption, on July 10, 1928, a sheriff's deed was executed and delivered to Eva Mercer, holder of such certificate of sale. It further appears that on March 13, 1929, nearly two years after the entry of judgment in that action, and nearly sixteen months after the sale of the property on execution, and more than eight months after the execution and delivery of the sheriff's deed, the relator for the first time made appearance in that action. He then moved the court to set aside his default, gave notice of the motion, and tendered therewith for filing a general demurrer to the complaint, which motion was regularly heard by the court on April 1, 1929, and having been taken under advisement, was denied on April 6, 1929. Thereafter, on August 22, 1929, Eva Mercer filed a petition in the court in the action asking for a writ of assistance to place her in possession of the property. After a hearing, the writ was issued on August 22, 1929. Thereafter, on August 26, 1929, the relator herein filed his affidavit with this court for a writ of review. It is conceded that the default was regularly entered as to Margaret Matt; also, that as to Henry Matt, it was entered on the twentieth day after the service of process upon him, consequently that the full twenty days within which he was required to appear in the action had not expired when his default was entered. In his application made to this court, he avers that since he believed, and still believes, that his default in the action was prematurely entered and the judgment void, he has remained in possession of the mortgaged property and still retains possession thereof.

The question for decision is whether the judgment entered is void as to the relator herein.

So far as applicable the statute provides that: "From the time of the service of the summons and a copy of the complaint in a civil action, where service of a copy of the

complaint is required, * * * *the court is deemed* to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings.'' (Sec. 9123, Rev. Codes 1921.) Thus it appears prima facie that a judgment of the court which is regular on its face, and entered after personal service of process, is presumed to have been entered within jurisdiction. Such is the situation in the instant case. However, the court may ''upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken.'' (Id., sec. 9187.) The relator did not avail himself of the remedy so provided or other remedies available to him. At least two statutory methods are provided for directly attacking judgments in this state: First, by an application made in the original case to vacate the judgment, and, second, by appeal. A further remedy may under certain circumstances be available in equity to have the judgment annulled.

Relator makes no showing of a valid defense to the action, nor ██ that he has been injured prejudicially by the entry of the judgment. He was a party to the action, regularly served in person with process, and knew that if he did not make answer or other appearance within the period of twenty days allowed by law as stated in the summons served upon him, judgment would be taken against him by default. The judgment was entered against him one day too soon, but this did not absolve him from appearing in the action. The notice given him by the summons served upon him was such that he was obliged to move in protection of his rights, if any he had, within a reasonable time. If on the last day for his appearance in the action he still neglected to appear by answer or otherwise, he knew the consequences. It was his duty to know the status of the action on the date his default was entered, his last day allowed for appearance, and after which date his default could have been regularly entered with no question arising as to the

court's jurisdiction to thereupon enter judgment. "Every person is bound to take care of his own rights, and to vindicate them in due season, and in proper order. This is a sound and salutary principle of law." (*Dunne* v. *Yund*, 52 Mont. 24, 155 Pac. 273, 276; *Federal Land Bank* v. *Gallatin County*, 84 Mont. 98, 274 Pac. 288.) "Anyone may waive the advantage of a law intended solely for his benefit." (Sec. 8742, Rev. Codes 1921.)

The general rule is that a premature judgment entered by ██ a court having jurisdiction of the parties and subject matter of the action is not void, but rather voidable or irregular, and will be permitted to stand unless set aside or reversed. The mere premature entry of a judgment is not jurisdictional defect. At most, it is irregular or voidable. And where, as here, the property affected lies in the county and there has been a personal service of process on the defendant, the jurisdiction of the court attaches, and the irregularity of entering judgment too soon does not render the judgment void. (*Vantilburgh* v. *Black*, 2 Mont. 371; *Burke* v. *Inter-State Savings & Loan Assn.*, 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879; *Batchoff* v. *Butte Pacific Copper Co.*, 60 Mont. 179, 198 Pac. 132; *California Casket Co.* v. *McGinn*, 10 Cal. App. 5, 100 Pac. 1077, 1079.) The plaintiff in this action had a plain legal right to move the district court to set aside the default before the entry of judgment, which did not occur until more than a month after the entry of his default. Even after judgment he could have presented timely motion to set aside the judgment, with showing as to a meritorious defense and accompanying answer, and the court would have granted him relief, or he could have appealed from the judgment. He did neither; he slept on his rights, permitted the property to be advertised for sale and sold on execution, certificate of sale to issue, followed after the lapse of one year allowed for redemption by the issuance and delivery of a sheriff's deed on July 10, 1928. Even then he took no action to protect his rights until May 13, 1929, more than two years after entry of the judgment, when he for the first time moved

to set aside his default. The court ruled against him on April 6, 1929, and he failed to appeal therefrom.

"The law helps the vigilant, before those who sleep on their rights." (Sec. 8756, Rev. Codes 1921.) Litigants will not be permitted to thus play fast and loose with the courts. There would be no end to litigation were the courts to permit them to thus slumber on their rights, and after awakening from their lethargy and having neglected to avail themselves of ample remedies provided, to thus attack the court's judgment, regular on its face, rendered within its jurisdiction. Neither judgments nor property rights secured thereby can be so disturbed. The position of the relator herein is untenable.

It is ordered that the writ be quashed and the proceeding dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.