[Civ. No. 7163. Third Dist. Jan. 3, 1946.]

CLEO HOSNER, Appellant, v. JOSEPHINE SKELLY, Respondent.

Francis H. Frisch for Appellant.

Rutherford & Rutherford and Sheldon Rutherford for Respondent.

ADAMS, P. J.—In this action plaintiff (appellant), who was formerly the husband of respondent, seeks equitable relief from the provisions of the interlocutory and final decrees of divorce granted to respondent, which decrees, entered upon the failure of appellant to appear in the divorce action, provided for payment by appellant to respondent of alimony in the sum of $50 per month. He alleges in his complaint that prior to the filing of the action for divorce he and defendant entered into an oral property settlement wherein he transferred to defendant a home of the approximate value of $3,000, a Chrysler automobile of the approximate value of $800, and $300 in cash; that said property was transferred to defendant "in lieu of all other claims for alimony or support; that defendant agreed to accept the same in lieu of any other claims to which she might be entitled for support or maintenance; that in reliance upon said promise and representation of defendant plaintiff did not appear in said divorce proceedings; that defendant fraudulently concealed from the Court all of the details of the said property settlement agreement which at the time of the divorce hearing was fully executed"; that at the time of the making of the agreement defendant had no intention of living up to her promise not to ask for alimony; that he "believed and relied upon said false and fraudulent promises of the defendant and in reliance thereon refrained from appearing in said divorce proceedings." He also alleged that in February, 1943, defendant had secured the entry of a judgment in her favor for $880 as accumulated payments under the divorce decrees; that in May, 1943, he had secured the issuance of an order for defendant to show cause why the portion of the decrees providing for payment of alimony should not be vacated, but "that plaintiff was not permitted to make a showing or to introduce evidence or testimony showing the facts surrounding the oral property settlement and plaintiff was upon said order to show cause summarily dismissed from Court"; that he had exhausted

all his legal remedies and must now present this equitable proceeding in an effort to protect his financial interests.

The second count incorporated the allegations of the first one, and further alleged that plaintiff and his then wife were the owners of certain described real property in Napa County, that defendant had caused the judgment mentioned in paragraph III of the first cause of action to be recorded and said judgment constitutes "a lien or cloud of plaintiff's title" to said real property.

The third count also incorporated the allegations of the first one, and further alleged "that a short time after the entry of the interlocutory decree of divorce" he had talked to defendant about the order for $50 awarded by the trial court, and "that plaintiff told defendant not to worry about the award for support; that she did not intend to enforce said judgment against him"; that plaintiff relied upon said representation and did not move to set aside the award at that time; and that due to said representation defendant was estopped to enforce said judgment.

It was prayed that the portion of the decrees awarding alimony be declared null and void and be set aside from the time of the entry of the interlocutory decree, that the court set aside and cancel the oral contract referred to, and that plaintiff have judgment that the recorded judgment be declared null and void and the cloud on plaintiff's title thereby created be removed, and that defendant be declared to be estopped from enforcing said judgment for support.

Attached to the complaint and made a part thereof were copies of the interlocutory and final decrees of divorce. The complaint in the divorce action does not appear in the record. The interlocutory decree recites that defendant was duly and regularly served with process in Napa County, that not having appeared within the time allowed by law his default had been duly entered, that the sum of $50 a month was a reasonable amount to be allowed plaintiff considering the ability of defendant to pay, and that plaintiff was entitled to a decree of divorce on the ground of defendant's extreme cruelty. Nothing was stated in either decree as to the property of the parties.

To the foregoing complaint defendant demurred on both general and special grounds. Her demurrer was sustained by the court, plaintiff being granted leave to amend. He declined to amend within the time allowed, judgment was duly entered against him, and this appeal followed.

Before this court it is urged by appellant that his first cause of action is well pleaded, and that an actionable fraud on the part of defendant is sufficiently alleged therein; and that his third cause of action sufficiently pleads an equitable estoppel. No argument is presented on the second cause of action.

Regarding the first cause of action appellant's argument is that defendant's alleged concealment from the trial court of the facts of the property settlement agreement and her failure to live up to the alleged oral agreement to accept the property conveyed to her in lieu of any other claims for support amount to *extrinsic* fraud, and warrant the intervention of a court of equity. In support of this contention he cites certain authorities dealing with extrinsic fraud. But we find nothing in those authorities sustaining appellant's contention that the allegations of his complaint make out a case of extrinsic fraud. On the contrary, it was held in *Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [126 P.2d 105], that where, as here, a party has been given proper notice of an action and has not been prevented from full participation therein, and has had an opportunity to present his case to the court and protect himself from any fraud attempted by his adversary, the fraud is *intrinsic* rather than *extrinsic* even though the unsuccessful party does not avail himself of his opportunity to appear before the court; and that having had an opportunity to protect his interests he cannot attack the judgment once the time has elapsed for appeal or other direct attack. Also see *Horton* v. *Horton,* 18 Cal.2d 579, 584 [116 P.2d 605]; *Neblett* v. *Pacific Mutual Life Ins. Co.,* 22 Cal.2d 393, 397-398 [139 P.2d 934]; *Howard* v. *Howard,* 27 Cal.2d 319, 320, 321 [163 P.2d 439].

In the case before us appellant was duly served with process which, we must assume, included a copy of the complaint (Code Civ. Proc., § 410). He therefore knew whether respondent had or had not revealed in her pleading that there had been a property settlement. Also he must have known that she was asking for alimony, for since the trial court granted alimony in a default case, we must assume, in the absence of any allegation to the contrary, that plantiff in the action had asked for same in her pleading else the court could not have awarded it. (Code Civ. Proc., § 580; *Darsie* v. *Darsie,* 49 Cal.App.2d 491, 494 [122 P.2d 64]; *Peck* v. *Peck,* 52 Cal. App.2d 792, 793 [127 P.2d 94]; *Bennett* v. *Bennett,* 50 Cal.

App. 48, 49 [194 P. 503]; *Eddy* v. *Eddy*, 64 Cal.App.2d 672 [149 P.2d 187].) That court had jurisdiction of the parties and of the action, and its order made in the exercise of that jurisdiction must be presumed to have been based upon adequate pleadings and evidence. ■ In the absence of any showing of lack of jurisdiction a presumption arises in favor of the validity of the judgment, and the existence of all matters going to the power of the court to render it. Judicial tribunals, proceeding within their proper jurisdiction, are deemed to have acted rightly, impartially and honestly. (1 Freeman on Judgments, § 383, pp. 820-821; § 387, pp. 830-832.) ■ Appellant, then, had notice of the action and of the request for alimony, and had an opportunity to appear and protect himself from any fraud attempted by respondent; and having failed to avail himself of that opportunity he cannot attack the judgment in such an action as this, but should have made a direct attack thereon by appeal or by proceedings under section 473 of the Code of Civil Procedure. He does not allege that he was prevented from making an appearance in the divorce action, but only that he failed to appear because he believed in and relied upon defendant's promise made before the action was filed. ■ But, assuming, as we must, that he had notice that respondent had not kept such promise, he cannot be heard to say that he was justified in relying thereon and in failing to protect himself by appearing in the action. Furthermore, he alleges in his third cause of action that "a short time" after the entry of the interlocutory decree he talked to respondent about the award, which shows knowledge of same on his part, presumably at a time when he could have sought relief under the provisions of section 473 of the Code of Civil Procedure; and he does not allege that he did not have such knowledge. He only alleges that he did not move to set aside the award because he relied upon her oral promise, made before the action was filed.

■ Regarding the allegations in the first cause of action pertaining to plaintiff's attempt in February, 1943, to have the alimony provisions of the decree set aside, and his allegations that he "was not permitted to make a showing or to introduce evidence" showing the facts surrounding the oral property settlement, and that he was "summarily dismissed from Court," such allegations do not furnish grounds for relief in this collateral attack upon the divorce decrees which had become final long before said proceeding was instituted.

While in appellant's brief said proceeding is referred to as one under section 473 of the Code of Civil Procedure, it does not appear from the complaint that it was such, and if it was brought under that section it came too late, as more than six months had elapsed since the decrees in the divorce action were made and entered. ■ Furthermore, no appeal was taken from the order of the court dismissing said proceeding and it is not subject to review in this action. ■ We are not advised how or in what manner plaintiff was not permitted to make a showing or upon what grounds the order to show cause was dismissed. We therefore must assume that the grounds were adequate to support the order of dismissal.

■ Coming now to appellant's third cause of action and his allegations that a short time after the entry of the interlocutory decree he talked to respondent about the order for payment of alimony, that she then told him that she did not intend to enforce it, and that he failed to move to set aside the award because he relied upon her representation, these allegations not only show that appellant had knowledge of the award in time to move to set it aside, but that he failed to do so in reliance upon an alleged promise of respondent, who, according to his contentions, had already perpetrated a fraud upon him by asking for alimony. Said allegations furnish no ground for a collateral attack upon the judgments, nor are they sufficient to constitute an estoppel against respondent.

It is said in *Rottman* v. *Hevener,* 54 Cal.App. 474, 480-481 [202 P. 329] :

"The rule is stated in Corpus Juris (volume 21, page 1142) as follows: 'The doctrine of estoppel by representation is ordinarily applicable only to representations as to facts either past or present, and not to promises concerning the future which, if binding at all, must be binding as contracts.' Nor can estoppel be predicated of the oral statement alleged to have been made subsequently to the execution of the note to the effect that that obligation would not become due until payment should be demanded. Aside from the fact that, by the express terms of his written contract, defendant specifically waived demand, the alleged representation was only of a present intention or purpose; and the rule is that the doctrine of estoppel will not arise simply from a breach of promise as to future conduct or from a mere disappointment of expectations. There was no consideration for any extension of the time of payment as fixed by the terms of the written contract.

Nor did defendant alter his position by any affirmative action on his part. . . . The intent of a party, however positive and fixed, concerning his future conduct with respect to such a matter, is necessarily uncertain as to its fulfillment, and must depend upon contingencies and be subject to change and modification by subsequent events and circumstances. (See *Travis* v. *Davis*, 12 Ky. Law Rep. 825 [15 S.W. 525], and *Langdon* v. *Doud, supra* [10 Allen (Mass.) 433].)''

That case is cited and followed in *Bank of America* v. *Pacific Ready-Cut Homes*, 122 Cal.App. 554, 562 [10 P.2d 478], where it is said:

''It is the general rule that, in order to work out estoppel by representations, the representations must be as to facts either past or present and not as to promises concerning the future. Promises as to future conduct or performance, if binding at all, must be binding as contracts. (*Rottman* v. *Hevener*, 54 Cal.App. 474, 480 [202 P. 329]; 10 Cal.Jur., p. 630; 21 Cor.Jur., p. 1142.)''

Also see 19 Am.Jur., pages 656-657, section 52. And while there are exceptions to this general rule, appellant's pleading does not bring him within any exception that has come to our attention.

 Appellant's record reveals a case where he has failed, through negligence, to avail himself of his legal remedies until too late to do so. He is, therefore, in no position to ask a court of equity to intervene to set aside or enjoin the enforcement of a judgment against him. It is said in *Champion* v. *Woods*, 79 Cal. 17, 21-22 [21 P. 534, 12 Am.St.Rep. 126], that judgments may be attacked on the ground of fraud and misrepresentation, but that relief will not be granted unless the party seeking same has been free from negligence; and that if a judgment has been brought about through the carelessness of the injured party he will not be relieved therefrom. Also see *Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 127 [47 P. 1016]; *Stone* v. *Stone*, 58 Cal.App. 415 [208 P. 993]; *Hersom* v. *Hersom*, 67 Cal.App. 116 [226 P. 937]; *State* v. *District Court*, 86 Mont. 193 [282 P. 1042, 1044]; *Raines* v. *Raines*, 138 Ga. 790 [76 S.E. 51, 52]; 3 Freeman on Judgments, 5th edition, section 1204, pages 2500-2501.

We agree with the trial court that plaintiff's complaint does not make out a case for equitable relief, and the judgment is therefore affirmed.

Peek, J., and Thompson, J., concurred.