[Civ. No. 4032. Fourth Dist. May 1, 1950.]

ALBERT MOVSESIAN et al., Appellants, v. SAM W. CHERNABAEFF et al., Respondents.

Harvey, Johnston, Baker & Palmer for Appellants.

Siemon, Maas & Siemon for Respondents.

GRIFFIN, J.—This action for damages arose out of a lease covering 160 acres of property in Kern County. Defendants, as owners, leased the property to plaintiffs on November 12, 1942, which lease contained an option to renew it for the calendar year 1944, upon the same terms. It provided that "A written notice handed to or mailed to the lessors . . . on or before November 1, 1943, shall be sufficient expression on the part of the lessees that they have elected to exercise said option."

Although the evidence is conflicting on the point, defendants testified and the court found that on two occasions, one in July and the other in August, 1943, plaintiffs informed defendants that they did not intend to exercise their optional right to the acreage for the year 1944, and that thereafter, and prior to November 1, 1943, defendants, relying upon such information, made a lease of that property to another. That lease was dated September 22, 1943, acknowledged and recorded October 2, 1943. Plaintiffs, on seeing the notice of such recordation, prepared a notice of exercise of their optional rights and dated it September 30, 1943. Upon the evidence produced, the court, in addition to other findings, found that plaintiffs were estopped to claim the optional rights. Judgment was entered for defendants. The question presented on this appeal is the sufficiency of the evidence to support the findings.

Plaintiffs went into possession of the property on January 1, 1943, added gypsum to the soil, and planted it to potatoes. The crop was taken off in July. Thereafter, according to plaintiffs, the land was scraped, plowed and disked in preparation for the 1944 planting. The defendants, under the obligations of the new lease, went on the 160 acres in September, 1943, and cultivated the land for tenancy by the new lessee. It was testified that about September 22d plaintiffs asked defendants if they had already leased the property because "they read it

in the legal news'' and that defendant William Chernabaeff said he had leased the property and if plaintiffs had any complaints they should "register them with Sam." Plaintiffs had acquired, just before that time, 297 acres adjoining these premises on which they planted potatoes and alfalfa. They testified that after Sam asked them for $500 advance payment on next year's rent, which they refused, they told him in August, 1943, they were spending considerable money on the land and would pay him on January 1, 1944. Plaintiffs admitted trying to sublease the 160-acre tract for 1944, at $25 per acre, by running an advertisement in the paper on September 16, 1943, and testified that they moved off of the property and onto the adjoining property by November, 1943.

A witness for defendants testified that in July, 1943, he and defendant Sam Chernabaeff went to the ranch occupied by plaintiffs and that they asked them if they were going to take up the option for 1944; that plaintiffs said they did not want to because "they had lost so much money on it" and had "not made wages." The plaintiffs testified that they never saw this witness before the time of trial. Sam corroborated the testimony of his witness and in addition said that he talked with plaintiffs again in August as to whether they were going to take up the option; that plaintiffs said "No" and that at that meeting Sam told them that he needed a little money and asked for an advance of $500 if plaintiffs intended to take up the option; that plaintiffs said that they would not give him a dime because they were not figuring on taking it up; that plaintiffs never told him of any different arrangement until he received a notice that was served on him; that right after the second conversation he started disking the property and on October 11, 1943, he was arrested for trespass; that at that time plaintiffs had no equipment on the property and the "weeds were growing"; that he put the new lessee in possession on January 1, 1944, but under that lease defendants were obligated to disk the property before the new lessee took possession. However, on cross-examination he was asked if he knew, at the time the lease to the third party was made, that plaintiffs were trying to hold the land for another year and trying to lease it out. He answered: "I guess so." A witness was produced who testified that in response to an advertisement inserted in the newspaper by plaintiffs he talked to plaintiffs in the fall of 1943, around September 16, and plaintiffs offered to sublease this particular property to him for 1944 at $25 per acre, which offer he rejected.

The trial court found that the written notice of election to exercise the option, although dated September 30, 1943, was not served until after October 2d. It specifically found that neither at the time of its delivery nor at any time thereafter did plaintiffs pay or offer to pay or tender any payment of rent for the year 1944, and found that such payment or tender was required by the terms of the option and lease; that plaintiffs made no preparations to, and did not intend to farm the leased land in 1944; that defendants did not take possession thereof until October 11, 1943, at which time they commenced disking the land after plaintiffs had notified defendants that they did not intend to claim their option, and that such limited possession did not, in any way, interfere with plaintiffs' possession nor did it damage them in any way. It then specifically found the allegation of plaintiffs' complaint, alleging damages by reason of the refusal of defendants to renew their lease of said premises, to be untrue, and found that plaintiffs were not damaged in any sum. It found that defendants did not dispossess plaintiffs but that plaintiffs voluntarily surrendered and abandoned possession of the premises after giving notice of their election to exercise the option and after failing to pay the rent. It then concluded that plaintiffs lost their right to exercise the option by failure of the plaintiffs to pay or offer to pay the 1944 rental at the time of giving such notice; that plaintiffs were estopped to claim such right and that the evidence produced was not sufficient to show that plaintiffs suffered any damage, and rendered judgment for defendants accordingly. Whether or not there was substantial evidence produced to establish an estoppel under the facts related, in the face of the written agreement, is questionable. (*Hosner* v. *Skelly,* 72 Cal.App.2d 457 [164 P.2d 573]; *Bank of America* v. *Pacific Ready-Cut Homes,* 122 Cal.App. 554 [10 P.2d 478]; *Cohn* v. *Rudneck,* 49 Cal.App. 1 [192 P. 461]; *Williams* v. *Stearns,* 48 Cal.App. 213 [191 P. 965].) A further question arises under the lease, whether the amount due for the renewal period of 1944 would become payable at the time the option was exercised and, under the circumstances related, whether an offer of payment was necessary. (*Penilla* v. *Gerstenkorn,* 86 Cal.App. 668, 670 [261 P. 488]; *Buckmaster* v. *Bertram,* 186 Cal. 673 [200 P. 610]; *Foley* v. *Cowan,* 80 Cal. App.2d 70 [181 P.2d 410]; *Levy* v. *Lyon,* 153 Cal. 213, 214 [94 P. 881]; *Community Ind. Land Co.* v. *Walker,* 61 Cal.App. 2d 298, 303 [142 P.2d 757].) █ Regardless of the findings on these questions, there was evidence produced by plaintiffs

in reference to the damages for loss of profits claimed to have been suffered by reason of the claimed breach of the terms of the lease by defendants. This evidence consisted mainly of anticipated profits and evidence of claimed net profits made on the adjoining land for the year 1944. As opposed to this there was evidence that plaintiffs stated to the defendants that they lost money on their 1943 operations of that property; that they had not even "made wages"; and that they therefore did not care to take advantage of the option. There was the additional evidence that plaintiffs advertised for a sublessee of the property for the year 1944, at $25 per acre and were unable to secure one. The finding that plaintiffs suffered no damage has evidentiary support and is conclusive on this appeal. (*Chichester* v. *Seymour*, 28 Cal.App.2d 696 [83 P.2d 301].)

It will therefore not be necessary to pass upon the other questions presented.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 19, 1950, and appellants' petition for a hearing by the Supreme Court was denied June 29, 1950.